WILLIAM H. BOWERS et al. *v.* WILLIAM S. WILLIAMS.

1. PROBATE COURT : BILL OF REVIEW ALLOWABLE TO ANNUL A VOID DECREE.—A bill of review is an appropriate remedy for the heirs, to set aside a decree allowing the final account of an administrator, made without notice to them.
2. EXECUTOR AND ADMINISTRATOR : WHEN LIABLE TO PAY TAXES ON LAND.—A tax legally assessed on the land of a decedent in his lifetime, is a debt against him, which his administrator is bound to discharge.
3. SAME : ADMINISTRATOR MAY LAWFULLY PAY THE TAXES ON, AND REDEEM THE REALTY OF HIS INTESTATE WHEN SOLD TO PAY TAXES.—The real estate of a decedent is liable to the payment of his debts, whenever there is a deficiency of personal assets, and the administrator may therefore keep it clear of incumbrances, by paying the taxes due thereon and redeeming it from a purchaser at a tax sale, when he shall have reasonable ground to believe that it will be needed for that purpose.  And in any event, the disbursement being for the benefit of the heir, he cannot object to an allowance to the administrator on that account.

APPEAL from the Probate Court of De Soto county.   Hon. John W. Vance, judge.

*H. W. Walter,* for appellants,

Cited *Bullock* v. *Sneed*, 13 S. & M. 293; *Jones* v. *Coon*, 5 S. & M. 751; 23 Miss. Rep. 195.

*A. M. Clayton* and *T. J. Wharton*, for appellee,

Cited *Pendleton* v. *Prestridge*, 12 S. & M. 302; *Green* v. *Creighton*, 10 S. & M. 159; 2 Daniel Ch. Pr. 765; 1 Story Eq. § 525; *Satterwhite* v. *Littlefield*, 13 S. & M. 302; *McLeod* v. *Johnson*, 6 Cushm. 378.

Fisher, J., delivered the opinion of the court.

This was a proceeding in the nature of a bill of review, in the Probate Court of De Soto county, by the plaintiffs in error, to set aside the decree of final settlement, made by the defendant in error, as administrator of the estate of one William H. Bowers, deceased.

The bill alleges that the final settlement was made without proper notice to the parties interested in the estate, and that it is therefore void. The defendant's counsel, admitting the truth of this allegation, as well as the legal conclusion, insists that there was no necessity for the bill of review, and that it should not therefore have been allowed.

A proceeding of some kind was necessary to point out the error to the court; and, while the bill might not be technically a bill of review, it was, nevertheless, a proper proceeding to vacate, upon the record, an invalid decree. We are, therefore, not inclined to sustain this objection.

The decree being vacated, for the reasons above assigned, the administrator must be treated as in court, making an application for final settlement, and the defendant there resisting the credits, which had been allowed the administrator in his final account; and this brings us to the main objections urged, to wit: that he was not entitled to credits for the money paid out on account of taxes assessed during the lifetime of the intestate, and for money paid out in the redemption of lands sold for taxes during his lifetime, as well as for taxes accruing after his death.

There are two modes in which obligations may be created: either by the act of the party himself, or by operation of law. A tax is an obligation of this latter description; and was therefore, in this

instance, one which the administrator was bound to discharge,—supposing him to have had sufficient assets for that purpose.

As to the second point, the redemption of the lands which had been sold for taxes, it is, to our minds, one which can admit of but little doubt. Under our law, land is subject to the payment of debts, and can be sold under certain restrictions for that purpose. It is as much a fund which the administrator is bound to protect, if he entertain a well-founded belief that a sale may be necessary, as personal estate itself. The power to sell, even under the restrictions of the law, carries with it the power to protect the title; and if redemption, or the payment of taxes, be necessary for this purpose, he can, of course, apply the funds of the estate in this way, and receive credit therefor in his settlement with the court. And if the act should prove beneficial, either to creditors or to heirs or distributees, they cannot be heard to complain, for the reason that the administrator has but applied the money in the same manner and to the purpose to which they would have applied it, if he had not performed this duty. Grant that it was a debt due by the heirs, they cannot complain of this application of the money, because it has merely been applied to the payment of their debt. The question would be, whether it was a debt legally binding upon them; and a tax being an obligation of this description,—because neither the consent of the party nor capacity to consent is necessary,—no difficulty could be experienced in answering this question. The same may be said in effect, as to the redemption of the land. The title of the heir, under the most favorable view, was incumbered, or charged with the amount that was necessary to be expended in ridding it of this incumbrance; and it might have been entirely lost, if not protected within the proper time. The effect of the administrator's act was, therefore, to disembarrass the title; and the moment it is admitted that the act was beneficial to the heirs, the question is not then whether the act was authorized, but whether it has been performed with a regard to due economy and prudence on his part; and no objection appearing to the contrary in the record, we must presume in favor of the action of the court below.

It is next said that the court erred in allowing the administrator credit for certain claims, which were not probated. These were not contracts made by the deceased, but by the administrator. The

statute applies only to contracts or claims against the deceased, and not to contracts made by the administrator in the course of administration. This objection cannot, therefore, be sustained.

As to all other objections, no testimony appears in the record showing the action of the court to be wrong, and they cannot, therefore, be sustained.

Decree affirmed.