GEORGE W. KEITH *vs.* ASA B. WHEELER.

Suffolk. March 20, 1893. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Writ of Entry— Tax Sale — Merger of Mortgage — Actual Notice — Estoppel.*

A release to the mortgagee of the equity in premises which have been sold for taxes does not have the effect to work a merger when such merger would deprive the mortgagee of his right to redeem from the tax sale.

The words "actual notice of the sale," in Pub. Sts. c. 12, § 49, mean something more than knowledge of such facts as might be sufficient to put one on inquiry.

A mortgagee of property which has been twice sold for taxes, who takes a release from the owner of the equity "subject to any and all unpaid taxes," is not thereby estopped to deny that he knew of the tax sales.

WRIT OF ENTRY, dated December 5, 1892, to recover land in Boston. Plea *nul disseisin,* and title in the tenant. At the trial in the Superior Court the following facts were agreed upon.

The demandant, being the owner in fee of the demanded premises, by deed duly recorded conveyed them to George R. Gay, who, as part of the consideration, gave to the demandant a note and mortgage thereon for two thousand dollars, dated April 22, 1885.

By deed of September 27, 1886, duly recorded, Gay conveyed the premises to George B. Haskell, subject to the taxes for 1886 and the mortgage, which he agreed to assume and pay.

By deed of October 12, 1886, duly recorded, Haskell conveyed to Mitchell Willis, subject to the mortgage and taxes, and Willis gave a bond to reconvey.

On September 3, 1887, the collector of taxes for the city of Boston sold, and by deed dated September 6, 1887, conveyed the premises to Willard Welsh, for non-payment of the taxes for the year 1886.

On September 4, 1888, the collector again sold, and by deed dated September 8, 1888, conveyed the premises to Welsh, for non-payment of the taxes for 1887.

Both tax deeds were duly recorded, and no question is made as to the correctness or validity of the tax sales.

By power of attorney dated January 28, 1889, duly recorded,

one William B. Lovell, on March 22, 1889, in behalf of the demandant, entered upon the premises for the purpose of foreclosing the mortgage for breach of condition, and on the next day caused the certificate of entry to be made and recorded.

By deeds of release duly recorded, Willis conveyed to Haskell, and Haskell to the demandant, the demanded premises, one release reciting that the premises were subject " to a mortgage now believed to be held by Geo. W. Keith, and to any unpaid taxes," and the other release reciting that they were " subject to any and all unpaid taxes, and to a mortgage given to said Keith by one Geo. W. Gay."

The mortgage and note have always been, and still are, held by the demandant, who held possession of the premises from March 22, 1889, till October 28, 1892, under the mortgage and releases.

The demandant was a non-resident of the Commonwealth from October 2, 1888, until March, 1892.

Shortly after the releases were recorded, he caused extensive repairs to be made on the premises, costing over eighteen hundred dollars, and through an agent leased the premises.

On August 6, 1889, the demandant paid the taxes for 1888, sending the money from Tacoma to the collector. He has also paid the taxes for each succeeding year to the present time. The taxes were assessed to George R. Gay for the year 1886, to Mitchell Willis for the year 1887, and to Willard Welsh for 1888, and since then to the demandant.

The value of the demanded premises was at the date of the note and afterwards, and now is, greater than the amount of the note.

On October 28, 1892, Welsh, the holder of the tax deeds, conveyed all his interest in the premises by two deeds of that date, duly executed and recorded, to the tenant, who at once entered upon the premises, ousted the demandant, and took and still holds adverse possession thereof.

On November 4, 1892, the tenant notified the demandant of the fact of the tax sales. This was the first knowledge that the demandant or any agent or attorney of his ever had of the tax sales, unless the foregoing facts, in the opinion of the court, show such knowledge at an earlier date.

On December 2, 1892, the demandant made a sufficient tender to the tenant for the purpose of redeeming the premises from the tax sales, claiming the legal right to do so, but the tenant, denying such right, waived the tender, and declined to accept the money.

If, upon the foregoing facts, the demandant was entitled to recover the premises, the proper judgment was to be entered in his behalf, with costs, in which case he was to pay the tenant, before taking possession under such judgment, the sum of one hundred and twenty-five dollars, less the costs; and if the demandant was not so entitled to recover, the proper judgment was to be entered for the tenant, with costs.

After a hearing on the foregoing agreed facts, judgment was ordered for the demandant; and the tenant appealed.

*S. H. Dudley*, for the tenant.

*F. L. Hayes*, for the demandant.

ALLEN, J.  By Pub. Sts. c. 12, § 49, real estate which has been sold for taxes may be redeemed, when the person offering to redeem is a mortgagee of record, at any time within two years after he has actual notice of the sale.  There are two principal questions in the case: 1st, whether the demandant is to be deemed to be a mortgagee of record; 2dly, whether he offered to redeem within two years after he had actual notice of the tax sales.

1. At the time of the tax sales the demandant was mortgagee of record, but the tenant contends that he lost that character by reason of the release to him from the owner of the equity of redemption several months after the last tax sale.  Such release did not have the effect to work a merger, and to extinguish his title as mortgagee, he having a clear interest to maintain the same, in view of the intervening tax titles. *Loud* v. *Lane*, 8 Met. 517. *Evans* v. *Kimball*, 1 Allen, 240, 242. *New England Jewelry Co.* v. *Merriam*, 2 Allen, 390. *Tucker* v. *Crowley*, 127 Mass. 400, 402. *Factors & Traders' Ins. Co.* v. *Murphy*, 111 U. S. 738, 744. 2 Washb. Real Prop. (5th ed.) 203–206.

2. The words " actual notice of the sale," as used in the statute, mean something more than knowledge of such facts as might be sufficient to put one on inquiry.  Assuming that actual notice to the demandant's agent is the same thing as

actual notice to the demandant, the principal fact relied on to show actual knowledge on the part of the agent is the language of the two releases. The first one says, "subject to any unpaid taxes"; the second one says, "subject to any and all unpaid taxes." These words might be sufficient to put him on inquiry, but they are not equivalent to actual notice of the sales for taxes. See *Lamb* v. *Pierce*, 113 Mass. 72, *Parker* v. *Osgood*, 3 Allen, 487, Crocker's Notes on Pub. Sts. c. 120, § 4, and cases there cited, for illustrations of the meaning given to the words "actual notice" when referring to unrecorded deeds.

Knowledge that in 1888 the taxes were assessed to Welsh is not equivalent to actual notice that Welsh held under a sale for taxes.

3. The words in the release from the owner of the equity to the demandant, "subject to any and all unpaid taxes, and to a mortgage given to said Keith by one Geo. W. Gay," do not estop the demandant to deny that he knew of the sales for taxes.

*Judgment affirmed.*