J. Frank Stone & another *vs.* William A. N. Stone.

Worcester. March 7, 1895. — May 23, 1895.

Present: Field, C. J., Allen, Holmes, Lathrop, & Barker, JJ.

*Equity Procedure — Redemption of Land sold for Taxes — Costs.*

In the absence of statute or of a rule of court, it is within the discretion of the presiding judge to refuse to dismiss a bill in equity on which a preliminary injunction has been issued and served merely because no subpœna was taken out or served until more than three months after the filing of the bill.

When land is sold for taxes assessed to one not the owner, without the knowledge of the latter and without notice to him of the assessment or demand upon him for payment, his subsequent grantee and he, as mortgagee back of such grantee, may, under St. 1888, c. 390, § 57, upon tender of the sum required by law within two years after actual notice of the sale, jointly maintain a bill to redeem the land from such sale, and from a judgment for possession rendered against the grantee on a writ of entry brought by the purchaser at the sale.

Where an order of the Superior Court overruling a motion to dismiss a bill in equity for alleged want of prosecution, and a final decree declaring the plaintiff entitled to redeem land sold for taxes, are affirmed by this court on appeal, it is equitable that the defendant should pay the costs.

Bill in equity, filed April 1, 1893, by J. Frank Stone, as mortgagee, and James Slattery, as owner, to redeem a tract of land in Holliston from a sale to the defendant for non-payment of taxes, and from a judgment for possession of the same land rendered in favor of the defendant in a writ of entry brought by him against the plaintiff Slattery. Hearing in the Superior Court, before *Hammond*, J., who overruled the defendant's motion to dismiss the bill, and entered a decree for the plaintiffs; and the defendant appealed to this court.

*L. H. Wakefield*, for the defendant.

*F. A. Gaskill*, for the plaintiffs.

Barker, J. This case, having been heard upon the merits by a justice of the Superior Court, who has entered a final decree for the plaintiffs, comes before us upon two appeals taken by the defendant.

1. The first appeal was from an interlocutory order of the Superior Court overruling the defendant's motion to dismiss the bill for the reason that the bill was filed on April 1, 1893, and no subpœna was taken out or served until more than three months after the filing of the bill. The defendant con-

tends that no subpœna could be taken out returnable later than June 1, 1893, the bill having been filed and a preliminary injunction issued and served on the defendant on April 1, 1893. He cites St. 1885, c. 384, § 1, which has no application to this question. While it is a usual practice to take out a subpœna upon the filing of the bill, there is no statute or rule of court prescribing the time within which a subpœna must be taken out. If the defendant does not voluntarily appear, the taking out of the subpœna may be the next step in order in the prosecution of the plaintiffs' bill, and a failure to take it seasonably may be a ground for moving to dismiss the bill for want of prosecution. But in the present case, although by service of the injunction upon the filing of the bill the defendant had prompt notice of the pendency of the action, and no subpœna was issued until September 5, 1893, nothing was done by the defendant to bring the failure to prosecute the action to the attention of the court until October 31, 1893, when he filed an answer stating the facts concerning the time of the filing of the bill and of the issuing of the subpœna, and contending that the plaintiffs had failed properly to summon him into court. His motion to dismiss the bill was not filed until February 27, 1894, when it was heard and overruled.

In our courts the power to dismiss an action in equity for want of prosecution is not regulated by statute. The 16th Equity Rule, which by force of statute is a rule of the Superior Court, provides that if the plaintiff, after the coming in of the answer, does not seasonably file a replication or exceptions to the answer, or set the cause down for hearing on the bill and answer, a decree may be entered for the dismissal of the bill with costs. Aside from the operation of this rule, questions whether a bill shall be dismissed for want of prosecution are to be determined by the general practice of courts of equity, and in the absence of specific directions embodied in statutes or general rules of court, the decision of such questions is usually within the sound discretion of the court by which they are to be determined. In the present case the only facts appearing are those stated, and the denial of the motion was right.

2. The other appeal is from the final decree in favor of the plaintiffs, by which they were declared entitled to redeem the

premises described in their bill from the tax sale to the defendant, and the judgment for possession rendered in his favor in the writ of entry brought by him against the plaintiff Slattery. As this decree was entered after a hearing upon the merits, and as no report is made of the evidence or of the facts found, the decree must stand, if justified by the bill. We must assume that on May 1, 1889, when the tax was assessed, the plaintiff, J. Frank Stone, was the owner of the lands, and that the person to whom they were assessed was not the owner, and that no notice of the assessment and no demand for the payment of the same was made upon the owner, and that the plaintiffs had no knowledge of the assessment or the sale for taxes until shortly before the filing of their bill; also that each plaintiff tendered to the defendant the sum required by law to redeem the lands from the sale. The sale was on March 29, 1890, and the tender about February 6, 1893, and the decree involves the finding that the tender was within two years after either of the plaintiffs had actual notice of the sale. As the person named in the tax list as the owner of the lands was not their rightful owner, any person having such title thereto that he might have recovered the same if no such sale had been made had a right under the statute to redeem the same at any time within two years after he had actual notice of the sale. St. 1888, c. 390, § 57. Each of the plaintiffs was therefore in a position to redeem the lands when the tenders were made, and when the bill was brought. The question of the right to redeem does not appear to have been raised or determined in the writ of entry against Slattery. When judgment for possession was entered in it in favor of the present defendant, he was entitled under the tax sale to the possession which the judgment gave him, but after due tender for the purpose of redemption he was no longer entitled to such possession, and his judgment upon the writ of entry is no bar to this suit for redemption.

No contention was made in the Superior Court, or in the argument in this court, that the plaintiffs could not properly join in the bill. When the tax was assessed and the sale for non-payment of the tax was made, the plaintiff J. Frank Stone was the owner of the land, and on November 11, 1891, he conveyed it to the plaintiff Slattery, and at the same time took

a mortgage back to secure a part of the purchase money; and with the exception of the judgment in the writ of entry against Slattery, this was the state of the title when the tenders were made to redeem the land from the tax sale, and when this bill was filed.

Assuming that a mortgagee whose mortgage is in existence when a tax sale is made, and whose mortgage is extinguished thereafter, has no standing to redeem from the sale after the extinguishment of his mortgage, as may be inferred from the case of *Keith* v. *Wheeler*, 159 Mass. 161, that doctrine does not prevent either of the present plaintiffs from redeeming under the statute. Such a mortgagee, after the extinction of his mortgage, is no longer a person having such title that he might have recovered the land if no such sale had taken place. But each of the present plaintiffs is such a person, the plaintiff Stone by virtue of his mortgage of November 11, 1891, from Slattery, and Slattery by virtue of his deed of the same date.

We think it equitable that the costs of these appeals should be paid by the defendant.

The case is remitted to the Superior Court, the decree overruling the motion to dismiss being affirmed, and the final decree in favor of the plaintiffs affirmed, with costs of the appeal.

*So ordered.*