MARGARET McGAULEY *vs.* JOHN J. SULLIVAN.

Worcester.    October 2, 1899. — October 17, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Right of Redemption from Tax Sale — Devisee of Mortgagee.*

The right of redemption from a tax sale given a mortgagee by St. 1888, c. 390, § 57, is an interest which is not terminated by the foreclosure of the mortgage, and passes to his devisee.

WRIT OF ENTRY, to recover a parcel of land in Worcester. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the demandant by *Gaskill,* J., to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*J. H. Bancroft,* for the tenant, submitted the case on a brief.

*E. B. Glasgow,* for the demandant.

LORING, J.    The only question here is whether the demandant had the right to redeem from a tax sale under St. 1888, c. 390, § 57. The demandant was the devisee of one who at the time of the tax sale was a mortgagee of record; four months after the sale the testator foreclosed his mortgage and bought in the land at the foreclosure sale; he died without having had actual notice of the sale, and his devisee duly made the proper tender within two years after notice was brought home to her.

The tenant's contention is, that the right of redemption given by the statute is given to the testator as mortgagee, and came to an end when he ceased to be mortgagee by foreclosure of his mortgage. We are of opinion that the right of redemption given to the mortgagee by St. 1888, c. 390, § 57, is an interest which by force of the statute vests in any person who is a mortgagee at the time of the tax sale, and passes to his assignee (*Faxon* v. *Wallace,* 98 Mass. 44), and is in no way dependent upon his continuing to be a mortgagee.

It was said by Mr. Justice Field in *O'Day* v. *Bowker,* 143 Mass. 59, 62: " This right of redemption is an interest in land, which may be conveyed, or devised, and which descends in the same manner as other real property." It was decided in *Keith* v.

*Wheeler*, 159 Mass. 161, that a mortgagee under a mortgage in existence at the date of the tax sale, who subsequently took a release from the owner of the equity of redeeming the mortgage, could redeem under this clause of the act. In *Stone* v. *Stone*, 163 Mass. 474, the owner of the land taxed had a right to redeem under the second clause, because it was assessed to another; and it was held that such an owner who, before he learned of the tax, conveyed to one Slattery and took a mortgage back for the purchase money, had, together with Slattery, the right to redeem under clause 2, not clause 4. In *Keith* v. *Wheeler* it was not necessary to decide the point, which is presented and is decided in the case at bar, but it was there held that even if the right to redeem given by Pub. Sts. c. 12, § 49, cl. 4, and St. 1888, c. 390, § 57, cl. 4, is dependent on the mortgagee continuing to be such, he had the right to redeem; and *Stone* v. *Stone* goes no further than to hold that, assuming that *Keith* v. *Wheeler* could only be supported on the ground on which it was put, the plaintiffs in that case had the right to redeem under the other clause.

This case presents the question whether the right to redeem, given to a mortgagee by St. 1888, c. 390, § 57, cl. 4, is dependent upon his continuing to be a mortgagee, and we are of opinion that it is not, but that it is an interest in the land mortgaged, which passes to any grantee of that land who claims under a conveyance of it by the mortgagee, whether before or after foreclosure; that it is, in short, in the language of Chief Justice, then Mr. Justice, Field, " an interest in land, which may be conveyed, or devised, and which descends in the same manner as other real property." The manifest purpose which the Legislature had in giving the mortgagee the right of redemption was to prevent the security of his mortgage being wiped out by the failure of the mortgagor to pay the tax assessed to him; to remedy that evil the mortgagee was given a reasonable opportunity to pay the tax after he has actual notice of the sale. It would be strange if a foreclosure of the mortgage terminated the right of redemption; it would be strange if it were held that realizing the security destroyed the security. The mortgagee's interest in the land covered by the mortgage would be wiped out by the tax sale were it not for this act, giving a right of

redemption within two years after actual notice. The right of redemption would afford little relief if it is held to be terminated by realizing the security of the mortgage.

We are therefore of opinion that the right of redemption was not terminated by the foreclosure of the mortgage, but is an interest which passed to the testator by the deed conveying to him the land in pursuance of the foreclosure sale, and thence passed to the demandant as his devisee.

*Judgment for the demandant affirmed.*