MARY A. CLARK & another *vs.* BENJAMIN LANCY
& another.

Suffolk.  January 21, 1901. — April 3, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

In computing the five years from the sale within which a bill to redeem land from
a tax sale must be brought under St. 1888, c. 390, § 76, the day on which the
sale was made is to be excluded.

A bill to redeem land from a tax sale brought under St. 1888, c. 390, § 76, is a cause
which may be revived by citing in the administrator of a party who has died.

The right to maintain a bill to redeem land from a tax sale under St. 1888, c. 390,
§ 76, is not limited to the owner or mortgagee who was such at the time of the
tax sale, and where an owner of land, which previously had been sold for taxes
without his knowledge, sold and conveyed the land and took a mortgage back,
and subsequently on learning of the tax sale brought a bill to redeem under
St. 1888, c. 390, § 76, and died, it was *held,* that the purchaser from the deceased
had such an interest that he could have been admitted to prosecute the suit in
the name of his grantor before his death if for any reason the grantor had de-
clined to go on, and on the grantor's death could have procured the revival of
the suit under Pub. Sts. c. 165, § 19, and proceeded in the name of his grantor's
administrator, and therefore that such purchaser by an amendment of the bill
properly could be made a plaintiff in the suit brought by his grantor, and that
the five years within which the suit could be brought were to be reckoned as to
him from the filing of the original bill.

One, who without consideration takes a conveyance of land from the purchaser
thereof at a tax sale, holds the land as trustee for the party entitled to redeem,
and is properly made a party to a bill to redeem, with no rights beyond those
of his grantor.

In a suit to redeem land from a tax sale brought under St. 1888, c. 390, § 76, it ap-
peared, that the defendant was a purchaser of tax titles, and there was evidence
tending to show, that he intentionally avoided a tender during the two years
after the tax sale, and thereafter refused to release except upon payment of a
bonus, and that the plaintiff from the time of his discovery of the tax sale had
endeavored to find the defendant and make tender before the two years had
expired, and thereafter had been reasonably diligent in his efforts to obtain a
release. *Held*, that the evidence warranted a finding that the plaintiff was en-
titled to relief, and that, the plaintiff having been always ready to redeem, the
conduct of the defendant dispensed with the necessity of an actual tender.

Sections 46, 58 and 59 of St. 1888, c. 390, providing, that when the purchaser of
land sold for taxes cannot be found after reasonable search, the owner seeking
to redeem may make payment of the required sum to the treasurer of the town
in which the land is situated, give a cumulative remedy, and do not exclude the
right to equitable relief under § 76 of the same chapter.

MORTON, J.  This is a bill to redeem from a tax title.  The
bill was filed October 12, 1898, and was originally brought in
the name of Mary A. Clark against the defendant Benjamin

Lancy. She died in April, 1899, and upon motion of the defendant her administrator was cited in and appeared and took upon himself the prosecution of the suit. Subsequently an amended bill was filed in which the administrator and one York were joined as plaintiffs and Maria S. Lancy was joined with Benjamin Lancy as a defendant. There was a demurrer to this bill and also a motion to strike out certain paragraphs as irrelevant and immaterial and a motion to vacate the order of reference to a master. The demurrer and the motions were overruled. There was a decree for the plaintiff and the case is here on an appeal from that decree and from the order overruling the exceptions to the master's report. We have considered all the objections, which are numerous, raised by the defendants, but shall speak only of such as we think require notice.

At the time of the tax sale the premises belonged to the above named Mary A. Clark who had inherited them from her son George W. Clark. She was an aged woman living in Manchester, New Hampshire. The taxes, for the non-payment of which the premises were sold, were assessed in 1892 and the sale took place October 12, 1893. In 1894 Mrs. Clark conveyed the premises by deed with full covenants to York, and took back a mortgage. Early in 1895 York heard of the tax sale. Before that neither he nor Mrs. Clark knew that any tax had remained unpaid, or that the estate had been sold for taxes. Upon hearing of the tax sale York notified one of the administrators of the estate of George W. Clark who lived in Boston, and the master found that from that time until October 12, 1895, when the two years from the sale expired, reasonable diligence was used to find Lancy and to redeem the premises. The master also found that the delay, from that time until the filing of the bill, was accounted for partly by the fact that Lancy at all times refused to release except upon the payment of a substantial bonus, partly by the fact that York considered that it was the business of Mrs. Clark to clear the title, and partly because in consequence of some misunderstanding not fully explained the interests of Mrs. Clark were not attended to as they should have been. And upon the facts found by him the master reported that the plaintiffs were entitled to redeem.

Taking them up so far as possible in logical order the first

objection of which we deem it necessary to speak and one that is contained in the demurrer is that the bill was not brought within five years from the sale. The ground of this objection is that the five years began to run on the day of the sale which was October 12, 1893, and therefore that the bill, which was filed October 12, 1898, was filed one day too late. On this point we deem it enough to refer to *Bemis* v. *Leonard*, 118 Mass. 502.

The next objection, also contained in the demurrer, is that the five years had run as to York and Maria Lancy when they were made parties, and that York was not a necessary party. Mrs. Clark's interest as mortgagee passed to her administrator, (Pub. Sts. c. 133, § 6,) and it would be giving to the statutes in regard to redemption too narrow a construction to hold that he could not redeem. *Bowers* v. *Williams*, 34 Miss. 324. Blackwell, Tax Titles, (4th ed.) § 424, note. It is expressly provided that in suits in equity if a party dies, the administrator may be cited in, as was done here, if the cause was one that could be revived by him. Pub. Sts. c. 165, § 19. We have no doubt that this was such a cause. As to York, his interest was such that he could have been admitted to prosecute the suit in Mrs. Clark's name, if, for any reason, she had declined to go on, and on her death he could have procured its revival and could have proceeded in the name of her administrator. We think therefore that he was properly made a party and that the five years are to be reckoned so far as he is concerned from the filing of the original bill. As to Maria Lancy, upon the allegations in the amended bill she in effect held the title as trustee for the plaintiffs, and upon a judgment against the defendant Benjamin Lancy entitling the plaintiffs to redeem she could have been compelled by proper proceedings to convey to them. She was properly made a party therefore and the five years limitation would not operate in her favor. The case of *Smith* v. *Butler*, 176 Mass. 38, does not apply.

We see no ground on which the amended bill can be held to be multifarious.

The other causes of demurrer are that there is no equity in the bill and that no right to relief is disclosed. We shall consider them later.

The motion to strike out certain paragraphs was properly

overruled. They all contained allegations relevant and material
to the plaintiffs' case.

The motion to vacate the order to the master was also rightly
overruled. The reasons stated in the motion afforded no just
ground for vacating the order.

We see no error in the admission of the testimony before the
master to which the defendants object in their brief, and we
treat the other objections as waived. This bill is brought under
St. 1888, c. 390, § 76, and the right of a mortgagee or owner
to relief under that section is not limited to the mortgagee or
owner who was such at the time of the tax sale. *Stone* v. *Stone*,
163 Mass. 474. It was competent for the plaintiffs to show that
there was no consideration for the deed to Maria Lancy. If she
took the title without consideration she held it as already ob-
served as trustee for the party entitled to redeem.

So far as the defendants' objections to the master's findings of
fact are concerned we deem it enough to say that we think that
there was evidence warranting the findings.

The remaining objections of the defendants with a single ex-
ception may be considered, so far as it is necessary to consider
them, under the general one that upon the facts as found by the
master and the evidence as reported the plaintiffs are not enti-
tled to relief and no equity is disclosed and the bill should be
dismissed. As already observed the bill is brought under St.
1888, c. 390, § 76. This section is a re-enactment of Pub. Sts.
c. 12, § 66. Of those provisions it is said in *O'Day* v. *Bowker*,
143 Mass. 59, 62, that " These provisions were enacted, not for
the purpose of extending in every case the time of redemption
from two to five years, but for the purpose of permitting the
court to grant relief, at any time within five years from the tak-
ing or sale of land, if the circumstances rendered it equitable."
And later in the opinion it is said that the persons who are enti-
tled to relief under that section are " in general, the same per-
sons as those who have the right to redeem under the Pub. Sts.
c. 12, § 49." The master found that as soon as York learned of
the tax sale he notified Mr. Morse an attorney at law and one of
the administrators of George W. Clark of the sale and he acting
by authority of Mrs. Clark and York tried to find Lancy; that he
went to the office of the tax collector and saw a notice appoint-

ing one Martin as Lancy's agent; that he wrote to Martin who replied that a letter directed to Lancy at Provincetown would reach him and either York or Morse wrote to Lancy saying that the money was ready and asking for an appointment and received a reply making an appointment at Young's hotel; that they went there at the time fixed but Lancy did not appear and that neither York nor any one representing the plaintiffs saw Lancy until after October 12, 1895; that in the spring of 1896 York found Lancy in Richfield Street in Boston and that from that time to the filing of the bill there were interviews and correspondence between the parties, but Lancy insisted at all times that the time for redemption had gone by and refused to release except on payment of a considerable bonus in addition to the ten per cent allowed by law. Upon the facts thus found and upon the findings previously referred to and the evidence as reported, we are of opinion that the finding by the master that the plaintiffs were entitled to redeem was well warranted. It appeared from the evidence that Lancy was a purchaser of tax titles and there was testimony tending to show or from which it might have been found, that he intentionally avoided a tender during the two years after the tax sale, and after that his refusal to release except upon payment of a bonus and the readiness of the plaintiffs to redeem dispensed with an actual tender. *Gormley* v. *Kyle*, 137 Mass. 189.

It could also have been found that his conduct was designed to evade and prevent a redemption, and that the plaintiffs have been reasonably diligent in their efforts to obtain a release. Under such circumstances it is plain that equity requires that the plaintiffs should be allowed to redeem.

The defendants further object that when the plaintiffs could not find Lancy or his agent and he neglected or refused to release they should have pursued the course provided in St. 1888, c. 390, §§ 46, 58, and 59. But we think that the remedy thus afforded was cumulative and was not intended to exclude the right to equitable relief under the provisions of § 76 of the same chapter upon a proper case being made out.

The result is that we think that the decree should be affirmed.

*So ordered.*

*W. O. Childs*, for the defendants.
*N. C. Bartlett*, for the plaintiffs.