### MARGARET BARRY *vs.* BENJAMIN LANCY.

Suffolk.     March 8, 1901. — May 23, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Tax*, Sale, Right of mortgagee to redeem.     *Constitutional Law*, Class legislation.

The right of a purchaser at a foreclosure sale and of his assignee to redeem from a tax sale is settled; and this right exists although the mortgage was given after the lien for taxes had attached and the foreclosure was before the tax sale.

The clause of St. 1888, c. 390, § 57, giving mortgagees of record the right to redeem from a tax sale within two years after actual notice of the sale, is not unconstitutional as class legislation.

Where the holder of a tax title has evaded one holding under a mortgagee and thus prevented a redemption, a bill in equity to redeem the land may be brought under St. 1888, c. 390, § 76, at any time within five years from the tax sale. The remedy, by paying the city treasurer, given by §§ 58, 59 of the same chapter, is cumulative and does not exclude the right to equitable relief. Following *Clark* v. *Lancy*, 178 Mass. 460, on both points.

HOLMES, C. J.   This is a bill to redeem from a tax sale. The premises were mortgaged to the plaintiff on November 12, 1895.   On September 4, 1896, they were sold on a foreclosure sale, and on December 4, 1896, the purchasers conveyed their title to the plaintiff, on the ground, it is suggested, that they thought that the foreclosure sale was bad for want of a previous entry.   One day before this conveyance, that is, on December 3, the premises were sold to the defendant for taxes.   The plaintiff had a decree, and the case is here by the defendant's appeal on the evidence.   We shall mention briefly the chief points argued.

Assuming the foreclosure of the mortgage to have been valid, the right of a purchaser at a foreclosure sale and of his assignee to redeem is settled.   McGauley v. Sullivan, 174 Mass. 303. Lancy v. Abington Savings Bank, 177 Mass. 431, 433.   Downey v. Lancy, 178 Mass. 465.   In the second case, as in this, the mortgage was given after the lien for taxes had attached.   In this there is the further fact that the foreclosure was before the tax sale.   But in our opinion the intention of the statute to protect bona fide mortgagees, who but for it might lose their security before they ever heard that the taxes were unpaid, extends as well to such intervening securities and to those who claim title under them as to mortgages outstanding at the time of the sale.   See Clark v. Lancy, 178 Mass. 460.

It is rather late to attack the constitutionality of the statute. The objection urged is that the right given to mortgagees to redeem is confined to mortgagees of record.   St. 1888, c. 390, § 57.   In view of the general policy of our law to require registration of titles, and the special reasons for requiring this evidence of good faith as a condition for extending the ordinary time of redemption, we think no further argument necessary to sustain the act.

It is objected that the bill does not appear to have been brought within two years after the plaintiff had actual notice of the sale.   We shall not consider which side has the burden of proof, or whether the plaintiff has to go forward with evidence, or whether there was not sufficient evidence in the absence of anything calling special attention to the matter.   If all those questions should be decided against the plaintiff, as we

are far from intimating that they should be, the bill would be maintainable under St. 1888, c. 390, § 76. It was brought within five years, and the defendant evidently endeavored to evade the plaintiff and to prevent a redemption. *Clark* v. *Lancy*, 178 Mass. 460.

The right given to the plaintiff by §§ 58, 59, to pay the city treasurer, was a cumulative remedy and did not cut down her right to equitable relief. *Clark* v. *Lancy*, 178 Mass. 460.

*Decree affirmed.*

*W. O. Childs*, for the defendant.
*H. J. Jaquith*, for the plaintiff.