## HARLOW H. ROGERS *vs.* NATHAN NICHOLS.

Middlesex.    December 17, 1903. — October 17, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Equity Jurisdiction,* To prevent clouding of title.  *Constitutional Law,* Vested rights.
     *Tax,* Sale, redemption.

A landowner may maintain a suit in equity to prevent a threatened clouding of his
     title not yet accomplished.
St. 1902, c. 443, giving the right to redeem land sold for taxes by paying the taxes
     to the collector instead of to the purchaser, is constitutional as applying to sales
     for non-payment of taxes assessed before its enactment.
Where the remedy for redemption of land from a tax sale has been enlarged by
     statute between the time of the assessment of the tax and the time of the sale,
     a purchaser at the sale takes his title subject to the law in regard to redemption as it stands at the time of the sale and not as it stood at the time of the
     assessment.

BILL IN EQUITY, filed August 27, 1903, to enjoin the collector of taxes of the city of Everett from receiving any money from one Annie C. Bartlett under St. 1902, c. 443, in redemption of certain land sold for taxes or giving her any certificate of such payment.

The Superior Court made a decree dismissing the bill; and the plaintiff appealed.

*F. Rogers & C. C. Long*, for the plaintiff.

No counsel appeared for the defendant.

BRALEY, J. Between May 1, 1901, the date when the tax was assessed on the estate described in the bill, and June 8, 1903, the date of sale to the plaintiff, the statutory provisions relating to the redemption of lands sold for the payment of taxes had been changed. St. 1888, c. 390, §§ 57, 58, 59, subsequently R. L. c. 13, §§ 58, 60, 61. St. 1902, c. 443.

The plaintiff seeks to have this last statute, which wrought this change, declared unconstitutional. It provided that the person entitled to redeem from a tax sale might make the requisite tender for redemption to the collector of taxes, who should then give a certificate " specifying the amount paid, the name of the person to whom and the real estate on which the tax was originally assessed, and the registry of deeds and the book and page of the records therein where the collector's deed is recorded." And upon the recording of this certificate in the proper registry, all right and title of the purchaser under the collector's deed became extinguished.

If the statute is declared void, then the right to redeem could be exercised only under R. L. c. 13, § 58, by making the required tender to the " purchaser, or his legal representatives or assigns ", and as the bill alleges that the former owner seeks to redeem from the collector, and accordingly has made application to him for a certificate which when recorded would constitute a cloud on the title of the plaintiff, he would not be compelled to wait until this certificate was actually procured and placed on record before bringing suit, as such a bill can be maintained to prevent clouding, as well as to remove a cloud from title to real estate. *Stevens* v. *Mulligan*, 167 Mass. 84, 86. *Loring* v. *Hildreth*, 170 Mass. 328, 331. *White* v. *Gove*, 183 Mass. 333, 339.

But the statute must be deemed constitutional.

By St. 1848, c. 166, §§ 6, 7 and 8, it was first provided that where a purchaser of lands sold for payment of taxes, or any agent duly appointed by him, could not be found, upon reasonable search, the person entitled to redeem might pay the amount required for redemption to the town or city treasurer, who should

give a certificate showing the fact of payment and designating the land on which the tax was assessed. Upon filing this certificate in the registry of deeds where the lands lay, together with an affidavit of himself or some disinterested person, that upon reasonable search neither the owner nor his agent could be found, and which is given the force of *prima facie* evidence as to the facts recited therein, all right and title acquired under the collector's deed was released and discharged.

These provisions for redemption finally became by re-enactments R. L. c. 13, §§ 60, 61. See Gen. Sts. c. 12, §§ 37, 38; Pub. Sts. c. 12, §§ 50, 51; St. 1888, c. 390, §§ 58, 59.

The purpose of the statute under discussion was to supersede these two sections of the Revised Laws, and extend this method of redemption to all cases, whether the purchaser at a tax sale could or could not be found, and the affidavit prescribed by the earlier statute became unnecessary and was no longer required; while the collector of taxes instead of the treasurer of the city or town was substituted as the person to whom tender could be made.

Although the lien which attaches to real estate upon a proper assessment of taxes thereon is commensurate with the extent of the title at the time, and may so continue until a sale is made, the right to redeem therefrom is not dependent upon the nature or extent of this lien, but is a separate provision granted by the State for the benefit of those who may have been thus deprived of their property. It is within the power of the Legislature, after an assessment has been made and before the sale, to prescribe the conditions under which redemption may be had if the premises taxed are sold, and acts of this character are not considered unconstitutional as impairing any vested or contractual rights that might be acquired by a purchaser.

As the plaintiff took his title subject to the law relating to redemption of lands from tax sales, as it stood at the time of sale, and not at the time of assessment, he cannot successfully maintain that his rights to property have been impaired by any statutory change made since his purchase. *Merrill* v. *Dearing*, 32 Minn. 479, 481. *Kipp* v. *Johnson*, 73 Minn. 34, 35. *Cole* v. *Lamm*, 81 Minn. 463. *Negus* v. *Yancey*, 22 Iowa, 57. *Wolfeborough Savings Bank, petitioner*, 69 N. H. 84. *Dubois* v. *Hep-*

*burn,* 10 Pet. 1, 22. Nor can his argument prevail that the amendatory act, because it enlarged the remedy given for redemption, must be declared void.

Where the right of redemption exists it has always been provided that tender could be made to the purchaser, though this has been extended to include those who represent him or succeed to his title. St. 1785, c. 70, § 7. Rev. Sts. c. 8, § 32. R. L. c. 13, § 58.

And by including the collector of taxes, the additional remedy furnished was cumulative and did not affect the right itself. *Geer* v. *Horton,* 159 Mass. 259, 261. *Clark* v. *Lancy,* 178 Mass. 460. *Barry* v. *Lancy,* 179 Mass. 112, 114. *Perry* v. *Lancy,* 179 Mass. 183, 186.

The statute therefore must be considered a remedial act, and falls within that class of legislation which has been sustained when an existing legal remedy has been enlarged, even though in some instances made applicable to pending cases. *Foster* v. *Essex Bank,* 16 Mass. 245, 273. *Danforth* v. *Groton Water Co.* 178 Mass. 472. *Dunbar* v. *Boston & Providence Railroad,* 181 Mass. 383.*

The decree of the Superior Court, dismissing the bill on the ground that the statute was constitutional, must be affirmed.

*Decree affirmed.*

---

* See also *Wilson* v. *Head,* 184 Mass. 515 and *Yeomans* v. *Heath,* 185 Mass. 189, where the curtailment of a remedy given in the exercise of the police power was held to be valid as applied to pending cases and existing causes of action.