## INHABITANTS OF LUNENBURG *vs.* WALTER HEYWOOD CHAIR COMPANY.

Worcester. October 6. — 21, 1875. WELLS & AMES, JJ., absent.

Under the Gen. Sts. *c.* 12, § 35, a collector's deed of real estate sold by him for taxes is invalid, if it merely states that the advertisement was made "in a public newspaper published in said county," and does not state the newspaper in which the advertisement of sale was published.

TORT for breaking and entering the plaintiff's close. The case was submitted to the judgment of the Superior Court, and, after judgment for the defendant, to this court on appeal, upon an agreed statement of facts, the material part of so much of which as is not stated in the opinion was as follows:

On April 11, 1872, Cyrus Goodrich, by his deed of that date, conveyed to the defendant, a manufacturing corporation doing business in Fitchburg, all the standing growth of wood and timber on two parcels of land in Lunenburg.

The assessors of Lunenburg, for the year 1872, assessed the defendant as owner of said standing growth of wood and timber, and as of an interest in real estate, the sum of $19.50. The said tax being demanded and unpaid, the collector proceeded to advertise and sell the land for nonpayment of said tax; and conveyed it by deed to the plaintiff.

*G. A. Torrey*, for the plaintiff.

*A. Norcross*, for the defendant.

MORTON, J. We are of opinion that the deed from the collector of taxes to the plaintiff is invalid, because it does not comply with the requirements of the statute. The statute provides that the collector's deed " shall state the cause of sale, the price for which the estate or rents and profits were sold, the name of the person on whom the demand for the tax was made, the places in the city or town where the notices were posted, the newspaper in which the advertisement of such sale was published, and the place of residence of the grantee." Gen. Sts. *c.* 12, § 35. The deed in this case states that the collector advertised the sale " in a public newspaper published in said county." This is not sufficient. The plain construction of the statute requires that the deed should state by name, or other sufficient description, the par-

ticular newspaper in which the advertisement was published. This provision was intended by the Legislature for the benefit and protection of the owner whose land is taken without his consent. It cannot be regarded as merely directory, but a compliance with it is one of the formalities required to make the deed valid, and is therefore a condition precedent to its operation. In *Harrington* v. *Worcester*, 6 Allen, 576, the collector's deed stated that he had demanded the tax of the owner of the land, but did not state that payment was not made within fourteen days after demand. It was held that this was not a compliance with the requirement of the statute above cited, that the deed " shall state the cause of sale," and that the deed was invalid. That decision is conclusive of the case at bar.

*Judgment for the defendant.*