BENJAMIN F. ADAMS & another *vs.* WARREN MILLS.

Hampden.    Jan. 14. — Feb. 6, 1879.    COLT & AMES, JJ., absent.

The deed of a collector of taxes recited that he duly demanded the payment of
the tax assessed on the estate sold, and the same was not paid; that, the tax
remaining unpaid after the expiration of fourteen days from the demand, he
duly advertised the estate to be sold by public auction for the payment of the
tax and all costs and expenses; that, the tax not being paid, at the time and
place appointed for the sale he adjourned the sale to a certain day, at which
time he again adjourned the sale to a certain other day, when he proceeded to
sell the estate by public auction "for the discharging and payment of said tax."
*Held*, that the deed sufficiently stated the cause of the sale within the require-
ments of the Gen. Sts. *c.* 12, § 35.

The right to redeem land from a tax sale is not attachable in an action at law.

BILL IN EQUITY, filed July 9, 1878, under the Gen. Sts.
*c.* 113, § 2, alleging that the plaintiffs, on June 26, 1878, recov-
ered judgment in the Superior Court, against the defendant, in
the sum of $629.63, on which execution was duly issued; that
the judgment had not been satisfied in whole or in part, and
that the defendant had no property that could be come at to be
attached at law; that prior to March 12, 1877, the defendant was
the owner in remainder of one undivided third part of a parcel of
land in Springfield, then subject to a life estate, which land was
on the day last named sold by the collector of taxes of Spring-
field for the taxes of the years 1875 and 1876, and conveyed to
said city, by deed dated April 9, 1877, containing the following
recital:

"Whereas, the assessors of taxes of said city of Springfield, in
the list of assessments for taxes which they committed to me to
collect for the years 1875 and 1876, duly assessed Warren Mills
as owner of the real estate in said city, which is hereinafter
described, the sum of $106.64 for 1875, and $80 for 1876, for
state, city and county taxes thereon; and whereas I duly de-
manded of said Mills the payment of said taxes, so as aforesaid
assessed on said real estate, and the same were not paid; and
whereas, after the expiration of fourteen days from the time of
demanding payment of said taxes as aforesaid, the same still
remaining unpaid, I duly advertised said real estate to be sold
by public auction for the payment of said taxes and all inci-

dental costs and expenses, on the fifth day of March 1877, at ten o'clock in the forenoon, at the collector's office, city hall, in said city of Springfield, by publishing an advertisement thereof, containing also a substantially accurate description and the name of the owner of said real estate, and the amount of the taxes, so as aforesaid assessed thereon, in the Springfield Daily Union, a public newspaper, printed in the city and county where said real estate lies, three weeks successively, the last publication whereof was one week before the time appointed for the sale, and by posting the said advertisement in a public and convenient place in said city of Springfield, to wit: the county court house; and also on said real estate, three weeks before the time appointed for said sale; and whereas said taxes so as aforesaid assessed on said real estate not being paid, I proceeded, at the time and place appointed as aforesaid for the sale, to adjourn said sale to the tenth day of March 1877, at the hour and place before appointed for said sale, at which time I again adjourned said sale to the twelfth day of March 1877, at the hour and place first appointed for said sale, at which time I proceeded to sell said real estate by public auction, for the discharging and payment of said taxes thereon, and said incidental costs and expenses, and the said real estate was struck off to James L. Mills of Springfield, in the county of Hampden, and state of Massachusetts, for the sum of $221.29, he being the highest bidder therefor. And whereas the said James L. Mills did not, within the period of ten days after the sale made to him as aforesaid, pay to me, the said collector, the said sum offered by him as aforesaid, nor demand or receive a deed therefor, but wholly failed and neglected to do so, whereby and by force of the statute in that behalf provided the said sale to the said James L. Mills became null and void, and therefore the city of Springfield became the purchaser thereof for the sum of $221.29, the same being the amount of the taxes and the incidental costs of said sale."

The prayer of the bill was that the interest of the defendant in the land might be sold, and the proceeds applied towards payment of the plaintiffs' judgment; and that the defendant might be restrained from conveying his interest in the land; and for further relief.

The answer set up that the deed of the collector was void, because it did not state that the taxes were still unpaid when the sale was made; that the estate in remainder was still in the defendant, and could be attached at law.

Hearing upon bill and answer, before *Soule*, J., who reserved the case for the determination of the full court.

*E. B. Maynard & F. H. Gillett*, for the plaintiffs.

*A. M. Copeland*, for the defendant.

SOULE, J. The defence relied on in this case is, that the collector's deed is void in not stating the cause of sale, and that, consequently, a legal estate in the lands described remains in the defendant and is attachable in a suit at law. It is contended that the deed, though it recites a demand by the collector for the tax, and that the tax remained unpaid after fourteen days had elapsed from the time of the demand, and continued unpaid when the land was advertised for sale, and on the day appointed for the sale, when the first adjournment was made, is void, because it does not state that the tax was still unpaid when the sale was made. The right to sell land for taxes exists only in case they have not been paid at the time fixed for the sale; Gen. Sts. *c.* 12, § 33; and the deed given by the collector must state the cause of sale. § 35. So that if the deed in the case at bar fails to show that the tax was unpaid when the sale was made, the plaintiffs cannot maintain their bill.

We are of opinion, however, that the position taken by the defendant calls for an erroneous construction of the collector's deed. The deed first recites a demand and non-payment of the tax, and that it remained unpaid after the lapse of fourteen days from the time of the demand. This shows a legal cause for a sale, and justifies the advertisement and posting of notices, which is then recited. Gen. Sts. *c.* 12, §§ 22, 28, 30. The deed then recites the proceedings of the collector in making the sale, and begins by stating that at the time appointed for the sale, the tax not being paid, he adjourned the sale to the tenth day of March 1877, at a certain hour, and on the last-named day again adjourned the sale to the twelfth day of March at the same hour, when he proceeded to sell the land by public auction for the payment of said tax. If we regard the action of the collector on the day originally appointed for the sale, and the subsequent adjournment

and sale, as one transaction, constituting together the proceedings of sale, it is plain that the deed recites the non-payment of the tax as the cause of the sale; for it would not be contended that the statute requires the deed to state that the tax was not paid while the sale was in progress, in addition to the statement that it was unpaid when the sale began. And, if we regard the doings of the collector at the several adjournments as distinct from each other, the statement that the tax had not been paid, occurring at the beginning of the narration of the proceedings of sale, may well be understood as referring to and covering the whole period thereafter to and including the time when the sale was actually made, when taken in connection with the subsequent statement that the sale was made for the "discharging and payment of said tax." To hold that a collector's deed containing the recitals which are in that under consideration does not show the cause of sale, would be to require of the officer a nicety and precision in the use of language which it is unreasonable to expect. No one reading this deed could fail to understand that the sale was made because the tax remained unpaid after demand for more than fourteen days before the land was advertised, and was still unpaid when the sale was made.

The case differs materially from *Harrington* v. *Worcester*, 6 Allen, 576, cited by the defendant. The deed in that case did not state that the tax was not paid within fourteen days after demand, and therefore failed to show any legal cause of sale.

The collector's deed being valid, it left in the defendant only a right to redeem the land from the tax sale. This right is not an interest which is attachable in an action at law. Gen. Sts. c. 103, § 1. And it being admitted that the plaintiffs are judgment creditors of the defendant, as alleged in their bill, they are entitled to the relief asked for.

*Decree for the plaintiffs, with costs.*