## CHARLES A. REED *vs.* NICHOLAS N. CRAPO.

Bristol.    Oct. 23, 1878. — June 27, 1879.    ENDICOTT & LORD, JJ., absent.

A collector's deed of real estate, sold by him for taxes, assessed to " the heirs " of a person named, some of whom are residents and some non-residents, is invalid, under the Gen. Sts. c. 12, § 35, if it fails to state that demand was made upon any of the resident owners, or that the taxes were not paid within fourteen days after demand; and, if the collector sells the whole of the land, the fact that some of the resident owners were present at the sale and expressed a wish that it should proceed, and that they, together with some of the non-resident owners, accepted their respective shares of the proceeds of the sale remaining after the taxes and expenses of the sale had been deducted, is not such a waiver of the informality in the deed as will give validity to the sale.

At the trial of a writ of entry, by a person claiming title under a deed of a col lector of taxes, to recover premises assessed to " the heirs " of a person named, if the tenant sets up title in himself by adverse possession, the fact that the tenant was a bidder at the tax sale, and that, before the sale, he attempted to buy the interest of one of the heirs, will not operate by estoppel to remedy a defect in the demandant's title.

WRIT OF ENTRY to recover a parcel of land in Taunton. Plea, *nul disseisin.*   Trial in the Superior Court, before *Bacon,* J., who ordered a verdict for the demandant; and reported the case for the determination of this court.   If the order was right, judgment was to be entered on the verdict; otherwise, a new trial was to be granted.   The facts appear in the opinion.

*W. H. Fox,* for the tenant.

*C. A. Reed,* ( *G. Marston* with him,) *pro se.*

AMES, J.   The demandant claims title under a deed of a col lector of taxes.   The tax on the land was assessed to the "heirs of Elizabeth Angell."   Some of these heirs were residents of the city of Taunton, and the others resided elsewhere, whose names and places of residence may have been unknown to the assessors. On the assumption that the tax was properly assessed upon the owners by that general description, it becomes necessary, in order to sustain the validity of the collector's deed, to consider whether, in conducting the sale, he proceeded in all particulars according to the provisions of law.

The collector has a mere naked power to sell real estate for non-payment of taxes thereon, and to convey a title thereto to the purchaser; and, in such a case, the law requires that all the prerequisites to the exercise of that power must precede its exer-

cise. The Gen. Sts. *c.* 12, § 35, provide that the deed of conveyance shall state the cause of the sale; and it has been decided that the deed must state, not only that demand was made on the person taxed, but also that payment was not made within fourteen days thereafter. *Harrington* v. *Worcester,* 6 Allen, 576. *Lunenburg* v. *Walter Heywood Chair Co.* 118 Mass. 540. In this case, the deed fails to show that any demand was made upon any of the joint owners residing in Taunton, or that payment was not made within fourteen days after demand, and (if such a demand would have been sufficient) this omission would *prima facie,* according to those decisions, render the deed invalid. The fact that the tenant was a bidder at the sale, and also that he attempted to buy the interest of one of the heirs at law, — whatever effect it might have as an indication of the weakness of his claim by virtue of adverse occupation, — would have no tendency, by way of admission or estoppel *in pais,* to supply or remedy the defects in the demandant's title. The demandant can only prevail on the strength of his own title; not on the weakness of that of the tenant.

The demandant insists that the objection based on the want of demand was waived by such of the parties interested as resided in Taunton, and who, as he contends, were the only persons whom it was necessary to notify at all. As the collector assumed to sell the whole of the land, under the option allowed him by the Gen. Sts. *c.* 12, § 33, the fact that some of the heirs of Elizabeth Angell were present at the sale, and expressed a wish that it should proceed, and, still more, the fact that they (including some of the non-residents) accepted their respective shares of the proceeds of the sale remaining after the taxes and the expenses of the sale had been deducted, might possibly estop them from taking the ground that the sale was invalid and void. *Smith* v. *Sheeley,* 12 Wall. 358. *Sherman* v. *McKeon,* 38 N. Y. 266. But these persons of course could waive no rights except their own. Certainly they could not waive the rights of their cotenants, or by any separate action of their own estop anybody but themselves. As the estate was sold for one integral sum upon one bid for the entire estate, it is impossible to consider the sale good in part, and bad in part; and therefore, if not valid for the whole, the title wholly fails. *Hayden* v. *Foster,* 13 Pick. 492.

The partial waiver by some of the joint owners cannot give validity to the entire sale.

As this difficulty in the demandant's title appears to be in superable, we find it necessary, without passing upon the other questions raised at the trial, to order that the verdict be set aside, and a *New trial ordered*