## MERRICK C. LANGDON *vs.* MARY E. STEWART.

Berkshire. Sept. 15. — Oct. 23, 1886. DEVENS, W. ALLEN, & C. ALLEN, JJ., absent.

A deed of a collector of taxes recited that "no person has appeared to discharge said tax," and that the collector "has demanded the same of S., the reported owner of said real estate;" but the deed did not state that fourteen days elapsed after the demand before advertising the premises for sale, or that the tax was not paid within fourteen days after the demand. *Held,* that, under the Gen. Sts. c. 12, §§ 22, 35, the deed was void.

WRIT OF ENTRY to recover a parcel of land in Sandisfield. Plea, nul disseisin. At the trial in the Superior Court, before *Bacon,* J., without a jury, the tenant claimed title to the demanded premises under a deed from the collector of taxes of Sandisfield, dated May 24, 1875. The demandant contended that the deed was insufficient to convey to the tenant a valid title to the premises. The judge so ruled, and found for the demandant; and the tenant alleged exceptions. The facts material to the point decided appear in the opinion.

*A. J. Waterman,* for the tenant.

*J. Dewey,* for the demandant.

FIELD, J.   The only material exception is to the ruling that the tax deed conveyed no title to the tenant.   The Gen. Sts. *c.* 12, § 35, required that the deed "shall state the cause of sale;" and § 22 provided that taxes on real estate may be levied "by sale thereof, if the tax is not paid within fourteen days after a demand of payment."   This deed recites that "no person has appeared to discharge said tax;" and that the collector "has demanded the same of John J. Stewart, the reported owner of said real estate;" but there is no statement that fourteen days elapsed after the demand before advertising the premises for sale, or that the tax was not paid within fourteen days after the demand.   A demand made on the day of the sale would satisfy the recitals in the deed.   The deed is therefore void.   *Harrington* v. *Worcester*, 6 Allen, 576.   *Reed* v. *Crapo*, 127 Mass. 39.   *Adams* v. *Mills*, 126 Mass. 278.        *Exceptions overruled.*