LEVI PIXLEY *vs.* EDWARD PIXLEY & another.

Berkshire.    September 10, 1895. — October 15, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Statement of Cause of Sale in Collector's Deed.*

A collector's deed contains a sufficient statement of the cause of the sale of the real estate, if it is intelligible and conveys the title which it was intended to convey, even though the statement does not follow the exact words of the legislative form at the end of St. 1888, c. 390, and is less specific than is desirable.

TORT, for breaking and entering the plaintiff's close in West Stockbridge and digging up the soil, scattering lumber upon the same, and tearing down and removing stone walls and fences.

At the trial in the Superior Court, without a jury, before *Maynard*, J., no question was made as to the plaintiff's title to and possession of the premises, and right to damages for the alleged trespasses, except that the defendants justified in virtue of a deed from one George N. Wilson, tax collector of the town, to James S. Moore, dated May 12, 1888, and of a quitclaim deed from Moore to the defendants, dated April 28, 1892.

The deed from Wilson to Moore, after a formal statement of the authority of the grantor as collector, recited : " Whereas the assessors of said town of West Stockbridge, in their list of assessments committed to me, the said George N. Wilson, to collect, have assessed Levi Pixley, a resident owner of a certain tract of land situated in said West Stockbridge [description] ; the taxes assessed on said premises being fifteen dollars and eighty-nine cents for the year eighteen hundred and eighty-six, and also the sum of eleven and $\frac{70}{100}$ dollars as a tax on said premises for the year eighteen hundred and eighty-seven, the amount of both said unpaid taxes being twenty-seven dollars and fifty-nine cents ; and whereas I, the said George N. Wilson, have demanded payment of each and both of said taxes of said Levi Pixley more than fourteen days before proceeding to advertise and sell as hereinafter set forth ; and whereas the said Levi Pixley has given no written authority to any inhabitant of said town as his attorney to pay the tax imposed on said land, and no mortgagee of said land has given written notice to the clerk of said town that he the said mortgagee holds a mortgage thereon, nor given written authority to any inhabitant of said town as his attorney to pay said tax, according to the provisions of chapter twelve of the General Statutes of eighteen hundred and sixty ; and whereas I, the said George N. Wilson, having given public notice of the time and place of sale of the said land for the non-payment of said taxes by an advertisement thereof three weeks successively in the newspaper called the Berkshire Courier, printed and published in Great Barrington in said county, the last publication of said advertisement being one week before the time of said sale ; also by posting a like notice on said land three weeks before the time of said sale ; and also by posting a like notice on said premises, a part thereof being bounded by a highway, and also in the post office

and in the railroad office in West Stockbridge Village, being two public places in said town, three weeks before the time of said sale, which notices severally contained the name of the said Levi Pixley the amount of the taxes for said years assessment on said land; also a substantially accurate description of said land, did on the twelfth day of May instant, pursuant to the authority and notice aforesaid, no person appearing to pay said tax, and it being the opinion of me, that the said land could not be conveniently divided and a part thereof set off without injury to the residue, and judging it to be most for the public interest to sell the whole of said land, sell at public auction the said land above described to James S. Moore of said West Stockbridge, for the sum of fifty-one dollars, he being the highest bidder therefor. Now therefore," etc.

The plaintiff requested the judge to rule that the above was insufficient to convey to Moore a valid title to the premises, and that the deed from Moore to the defendants conveyed, as against the plaintiff, no title. The judge refused so to rule, and found for the defendants; and the plaintiff alleged exceptions.

*M. Wilcox,* for the plaintiff.

*H. C. Joyner,* ( *W. C. Spaulding* with him,) for the defendants.

KNOWLTON, J.   The only question in this case is whether the collector's deed is fatally defective for want of a sufficient statement of the cause of the sale of the real estate. Such a statement is required by Pub. Sts. c. 12, § 38, and this requirement has been construed with considerable strictness. *Harrington* v. *Worcester,* 6 Allen, 576. *Reed* v. *Crapo,* 127 Mass. 39. *Langdon* v. *Stewart,* 142 Mass. 576. But the deed before us differs materially from any of those which have been held to be void for want of proper recitals. While it does not follow the exact words of the legislative form for a collector's deed at the end of St. 1888, c. 390, it contains language which amounts in substance to a statement that the sale was made because the taxes remained unpaid after a demand duly made for the payment of them, and the expiration of fourteen days from the time of the demand, and the giving of proper notices of the time and place of sale by advertising in a newspaper and by posting. As was said in *Adams* v. *Mills,* 126 Mass. 278, 281, "No one reading this deed could fail to understand that the sale

was made because the tax remained unpaid after demand for more than fourteen days before the land was advertised, and was still unpaid when the sale was made." In this particular the deed is informal, and less specific than is desirable, but it is intelligible, and it conveyed the title which it was intended to convey.     *Exceptions overruled.*