BENJAMIN LANCY vs. ABINGTON SAVINGS BANK & another.

Suffolk.     November 13, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

Certain land was sold for taxes in accordance with the provisions of St. 1888, c. 390.
At the time of the tax sale the land was subject to a mortgage. The mortgagee,
who had no notice or knowledge of the tax sale, afterwards foreclosed his mort-
gage and took possession of the land, and subsequently sold and conveyed it to
another, taking a mortgage back. The holder of the tax title filed a petition in
the Court of Registration for the registration and confirmation of his title to the
land. The petition was filed four years and about four months after the tax
sale, but only about nine months after the mortgagee first had actual notice of
the tax sale. *Held*, that by taking possession under the mortgage the mort-
gagee did not lose his right under the fourth clause of § 57 of St. 1888, c. 390,
to redeem within two years after he had actual notice of the sale, that this
right passed with the land and was held by the mortgagee under the mortgage
last made, and that his right was in no way changed or affected by the provi-
sions of § 61 of the same act. The five years from the sale within which a bill
to redeem could be brought under § 76 of the act had not expired.

PETITION, for registration and confirmation of title to land at
the corner of·Catherine and Meyer Streets, in that part of Bos-
ton called West Roxbury, filed January 22, 1900. The re-
spondents filed separate answers, the Abington Savings Bank
claiming the land as mortgagee, and Hildebrand the other re-
spondent claiming the land as owner.

At the hearing in the Court of Registration, before *Davis*, J.,
the following facts were found by the judge:

That on September 5, 1895, the record title of the land in
question was in one Peter P. Veale; that on September 5, 1895,
Veale mortgaged the land to said bank for the sum of $2,500,
and at the time of the tax sale and conveyance hereafter stated
the bank was the mortgagee of record; that on October 8, 1895,
the premises were sold to Benjamin C. Lancy for taxes assessed
to Benjamin Lancy May 1, 1894; that the purchaser at the
tax sale afterwards, and before the bringing of this action for
registration of title, conveyed the premises to the petitioner, and
that the tax sale was valid; that on June 3, 1896, the bank
made an open and peaceable entry upon the premises for the

purpose of taking possession and foreclosing its mortgage, and the certificate of such entry and possession was duly recorded ; that on June 5, 1896, the bank foreclosed its mortgage under the power of sale contained therein and conveyed the land to John W. Sproule for the consideration of $2,100, who, at the same time and as part of the same transaction, reconveyed the premises to the bank, and the bank remained in possession of the premises, until in February, 1897, it conveyed the premises to the respondent Hildebrand, who at the same time made a mortgage back to the bank for the sum of $2,885, as security for part of the purchase money, which mortgage the bank still owns and holds ; that the bank had no actual notice of the tax sale until May, 1899, the sale having taken place, as above stated, on October 8, 1895.

Upon the foregoing facts the judge ruled that the tax title of the petitioner was valid, but was subject to redemption by the bank under the fourth clause of § 57 of St. 1888, c. 390, and also ruled that the petitioner's title was subject to the provisions of § 76 of the same chapter, to which rulings the petitioner excepted. The court refused to register and confirm the petitioner's title and dismissed the petition without prejudice, and the petitioner excepted.

*W. O. Childs*, for the petitioner.

*G. F. Piper*, for the respondents.

BARKER, J. The petition for registration of title was filed on January 22, 1900, and dismissed on March 23, 1900.

The tax sale under which the petitioner contends that he holds an absolute title in fee, not subject to redemption, was made on October 8, 1895, the land then being subject to a mortgage to the Abington Savings Bank, one of the respondents, made on September 5, 1895. The bank had no notice of the tax sale until May, 1899. On June 3, 1896, the bank entered to foreclose its mortgage, and on June 5, 1896, made a foreclosure sale to a person who, as part of the same transaction, reconveyed the land to the bank, which remained in possession until February, 1897, when it sold to the respondent Hildebrand, who at the same time made a mortgage back to the bank for a part of the purchase money, which mortgage the bank still holds.

The first ruling excepted to was that the petitioner's title was

subject to redemption by the bank under St. 1888, c. 390, § 57, cl. 4.

It is conceded by the petitioner that on June 3, 1896, the bank had a right to redeem from the tax sale within two years after it should have had actual notice thereof. But he contends that by force of the provisions of St. 1888, c. 390, § 61, when the bank took possession of the property, its right to redeem from the tax sale was thereby cut down to a right to redeem within two years from the day of sale, and that this right, which would expire on October 8, 1897, was the only right of redemption from the tax sale which passed from the bank to its grantee in February, 1897, or from its grantee back to the bank by the mortgage which the bank now holds.

The argument advanced is that the words " a mortgagee of record " in clause four of section fifty-seven are intended to exclude a mortgagee who has taken possession, and that the words " within the same time as provided in section fifty-seven for owners of real estate to make tender " mean only within two years from the day of sale. But a mortgagee who has taken possession is none the less a mortgagee of record. The purpose of section sixty-one was not to change the scheme of redemption fixed by section fifty-seven, but to make certain mortgagees liable to pay taxes and the expenses of tax sales. The words referring to the time of payment or tender cannot restrict that time to two years from the day of sale, because under section fifty-seven owners may have more than two years to make tender.

In our opinion section sixty-one was not intended in any case to cut down the time for redemption given by section fifty-seven, and the entry of the bank did not change its right to redeem, which on the day of entry, as the bank had no actual notice of the tax sale, was a right to redeem within two years after it should have actual notice of the sale. St. 1888, c. 390, § 57.

The effect upon the right to redeem from a tax sale of a foreclosure and a subsequent transfer of the title so obtained was recently before us in *McGauley* v. *Sullivan*, 174 Mass. 303. It was there held that the right given to a mortgagee by St. 1888, c. 390, § 57, cl. 4, is not dependent upon his continuing to be a mortgagee, but is an interest in the land mortgaged which passes

to any grantee of that land who claims under a conveyance of it by the mortgagee whether before or after foreclosure. In the present case the bank is such a grantee, and the ruling that the petitioner's title was subject to redemption by the bank was right.

The other ruling excepted to was that the petitioner's title was subject to the provisions of St. 1888, c. 390, § 76. That section gives to this court equity powers in all cases of sale of real estate for the payment of taxes, if relief is sought within five years from the sale. The time so limited had not expired when the ruling was made and the petition dismissed. The equity powers so given include jurisdiction of a bill to redeem the land from the petitioner brought by one having a statute right to redeem. Therefore the petitioner's title was, upon the facts set out in the bill of exceptions, subject to the provisions of section seventy-six, as stated in the ruling.

*Exceptions overruled.*