AUGUSTIN X. DOWNEY *vs.* BENJAMIN LANCY & another.

Suffolk.　January 22, 1901. — April 3, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A bill to redeem land from a tax sale was amended by adding a prayer that the tax deed should be declared void and the defendant ordered to execute a release to the plaintiff. *Held*, on demurrer, that the bill was not multifarious by reason of the inconsistent nature of the relief sought, the case being one, not where different causes of action were joined but where alternative forms of relief were prayed for in respect to one and the same cause of action.

In a suit to redeem land in Boston from a tax sale brought by the purchaser of the land at a foreclosure sale, it was *held*, that upon the issue whether the owner, a married woman, was a non-resident when the tax sale was advertised, evidence, that the owner's husband was taxed in that year as a resident of Revere and was not assessed in Boston, was not admissible, as the suit was between third parties neither of whom claimed through the person taxed, and also because the evidence would not have been admissible against the husband himself.

Under St. 1888, c. 390, § 30, a demand for payment within fourteen days must be made upon a resident owner before his land can be sold for taxes. Section 33 of the same chapter in regard to non-resident owners does not require such demand. Section 43 of the same chapter requires that a tax deed shall state the cause of sale. A tax deed stated as the only cause of sale that, the owner of the land being a non-resident in the city and the taxes still remaining unpaid, the land was duly advertised for sale. In fact, the owner was a resident and a demand for payment within fourteen days had been made, but this was not stated in the deed. *Held*, that the deed was void for non-compliance with the statute.

The right of a mortgagee to redeem from a tax sale is not lost by foreclosure and passes to a purchaser at the foreclosure sale.

MORTON, J. This is a bill to redeem from a tax title. The tax was assessed by the city of Boston May 1, 1893, and the premises were sold for the non-payment of taxes December 15, 1894, to the defendant Lancy. At the time of the assessment one Honora Downey was the owner, and the Mutual Fire Insurance Company held a mortgage. Honora Downey died intestate December 12, 1893. The mortgagee entered to foreclose November 17, 1898, and the premises were sold by it December 14, 1898, under a power contained in the mortgage, to the plaintiff, who received a deed of the same January 11, 1899, and on the same day mortgaged them to one Martin. This mortgage is still outstanding and undischarged. The plaintiff first had notice of the tax sale on or about March 1, 1899. The bill was

filed May 1, 1899, and originally prayed that the plaintiff might be allowed to redeem. Afterwards it was amended so as to introduce a prayer that the tax deed should be declared void. The case was sent to a master, and on the coming in of his report exceptions thereto were filed by the plaintiff and the defendants. The exceptions of both were overruled, and the report of the master affirmed in its findings of fact and a decree was entered declaring the tax deed null and void, and directing the defendant Lancy to execute a release to the plaintiff. The defendant appealed from this decree and also from the order of the court overruling his exceptions to the master's report. The plaintiff also appealed from the order overruling his exceptions to the master's report.

The defendant demurred to the bill as amended on the ground that it was multifarious by reason of the inconsistent nature of the relief sought in the two prayers. The demurrer was overruled. The printed record does not show that there was any appeal from this order, or from the order overruling the defendant's motion to strike out paragraph 9 of the amended bill. Assuming that the question is before us, the demurrer was rightly overruled. The case is not one where different causes of action are joined but where alternative forms of relief are prayed for in respect to one and the same cause of action.

The principal question at issue related to the residence of Honora Downey at the time of the assessment of the tax of May 1, 1893. This was a mixed question of law and fact. The plaintiff contended that her residence was in Charlestown and the defendant that it was in Revere. There was considerable testimony of a conflicting nature on the question. The plaintiff and his father and other witnesses testified that her residence was in Charlestown. The defendant introduced testimony tending to show that her residence was in Revere. The master found that it was in Charlestown. We have examined the evidence as reported and cannot say, as we should be obliged to say in order to sustain the defendant's exceptions, that the finding was clearly erroneous. The master had the witnesses before him, and in a matter involving the weighing of testimony could judge better than we can of the degree of credibility to which they were entitled. What we have said in regard to the master's finding as

to the matter of residence applies generally to the other findings of fact by the master which the defendant excepted to.

In addition to his exceptions to the findings of fact, the defendant also excepted to certain rulings of the master excluding evidence that was offered by him as bearing on the question of Honora Downey's residence on the 1st of May, 1893.

The testimony that was excluded, was offered as tending to show the residence of Michael J. Downey the husband of Honora Downey and thus as tending to show her residence and consisted principally of entries upon the assessors' and collector's books of Revere tending to show that Michael J. Downey was assessed for and paid a poll tax there as of May 1, 1893, and of an offer to show that there were no entries on the assessors' and collector's books of Boston that he was assessed for or paid a poll tax in Boston that year.    There was also an offer to show certain poll tax entries, though what they were did not appear, which were made in a street book by an assessors' clerk of Boston in 1893, in consequence of information received at 24 Water Street, Charlestown, where the plaintiff claimed that Honora Downey resided, and also to show whether it appeared from information received at that house that Michael J. Downey lived there at that time.

If the town of Revere had brought suit against Michael J. Downey to recover a tax assessed upon him for 1893, claiming that he was a resident of that town, it is clear the testimony that he had not been assessed in Charlestown would have been inadmissible.    *Mead* v. *Boxborough,* 11 Cush. 362.    *A fortiori* was it inadmissible here.    But further this is an action between third parties neither one of whom claims under Michael J. Downey and his acts and admissions in regard to the payment and amount of his taxes are inadmissible so far as the residence of Honora Downey was concerned, notwithstanding she was his wife.    *Commonwealth* v. *Heffron,* 102 Mass. 148.

We think, therefore, that the testimony was rightly excluded. We see no error in regard to the exclusion of the other testimony that was offered.   It was irrelevant, or immaterial, or the form in which the question that was ruled out was put, was objectionable.

The remaining questions relate to the tax deed, and to the effect, if any, of the foreclosure sale on the right of redemption.

The statute requires that when real estate is sold for non-payment of taxes the " deed shall state the cause of sale." St. 1888, c. 390, § 43. In the case of a resident a tax on real estate may " be levied by sale thereof, if the tax is not paid within fourteen days after a demand of payment made either upon the person taxed or upon any person occupying the estate." St. 1888, c. 390, § 30. In the case of a non-resident no demand need be made. St. 1888, c. 390, § 33. The only cause stated in the collector's deed to the defendant was " the said Honora Downey owner of said real estate being a non-resident in said Boston, and said taxes still remaining unpaid, I duly advertised said real estate," etc. In view of the fact that Honora Downey was found to be a resident of Charlestown this was plainly insufficient and the deed was therefore void. *Langdon* v. *Stewart*, 142 Mass. 576. *Reed* v. *Crapo*, 127 Mass. 39. *Harrington* v. *Worcester*, 6 Allen, 576. In order to comply with the statute the deed should have stated as the cause of that sale that a demand had been made on the said Honora Downey, as the master found was the fact, for payment of the tax and that the same had not been paid within fourteen days after such demand. Cases *supra.* There is nothing in the objection that the right to redeem which the mortgagee had was destroyed by the foreclosure and did not pass to the plaintiff. See *Lancy* v. *Abington Savings Bank*, 177 Mass. 431 ; *McGauley* v. *Sullivan*, 174 Mass. 303 ; *Stone* v. *Stone*, 163 Mass. 474. The evidence of the value of the property introduced by the plaintiff did the defendants no harm in view of the fact that the deed was held to be void even if it was inadmissible, which we do not decide.

*Decree affirmed.*

*T. F. Reddy*, (*J. D. Graham & W. J. Miller* with him,) for the plaintiff.

*W. O. Childs*, for the defendant Lancy.