MARIA S. LANCY *vs.* ANNA C. SNOW.

Barnstable.    November 14, 1901. — February 25, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Practice, Civil,* Reservation by report.    *Tax,* Sale, Demand.

St. 1898, c. 562, § 14, and St. 1899, c. 131, § 2, in regard to questions of law arising in the Court of Registration do not, as to cases coming by appeal from that court to the Superior Court, take away the authority given to the Superior Court by Pub. Sts. c. 153, § 6, and St. 1900, c. 311, to report cases for determination to this court.

A collector of taxes, having taxes for two years to collect by a sale of the same land, after proper preliminary proceedings, may advertise the property for sale at the same time and place under authority of the two warrants for the non-payment of the two taxes, and then may make a single sale of the property which will be valid.

A statement of a tax in the advertisement of a tax sale as $17 for the years 1895 and 1896 does not meet the requirement of statements of two taxes one of $8 for the year 1895 and the other of $9 for the year 1896, and a sale thus advertised would be void.

A demand for a tax on land need not follow form No. 8 in St. 1888, c. 390. Section 96 of that act permits the use of other suitable forms, and does not require in the demand a description of the real estate or an express reference to it.

A tax sale and the deed given thereunder are not invalidated because an initial is omitted in the name of the owner of the land sold, if the owner was as well known by the name used as by his true name.

PETITION by Maria S. Lancy for the registration of her title to certain land in Provincetown alleged to be owned by her and to be claimed by Anna C. Snow under a sale and conveyance made by the collector of taxes of that town, filed in the Court of Registration September 26, 1899.

The Court of Registration made a decree of registration of title in the petitioner, and the respondent appealed to the Superior Court, where the case was tried before *Sherman,* J., without a jury. It was agreed that the case should be tried on the following issues and on those alone: 1. Was the assessment invalid because the property was exempt? 2. Was the assessment invalid because the petitioner owned but a part of the property, if she in fact owned but a part of it? 3. Was the sale invalid because the property was sold for the taxes of two years at one sale, upon one bid and for one integral price,

if such was 'the fact? 4. Was the sale invalid because of no demand, if there was no demand? 5. Was the sale invalid because of an error in the petitioner's name, if any existed?

It was agreed that if the tax title was not valid, the title of the petitioner should be registered.

The judge answered all the issues in the negative, and found on the evidence before him that the property was not exempt from taxation, and that there was a proper demand made upon the petitioner for the payment of the taxes in question. He found for the respondent, and decreed that the petition be dismissed and the case remanded to the Court of Registration; and, at the request of the petitioner, reported the case for the determination of this court.

If upon the evidence the judge was authorized to find for the respondent, the finding and decree were to stand; otherwise, such decree was to be entered as law and justice might require.

*W. O. Childs*, for the petitioner.

*C. B. Snow, Jr.*, for the respondent.

KNOWLTON, J. This case comes before us on a report from a judge of the Superior Court, and the respondent contends that by reason of the St. 1898, c. 562, § 14, and St. 1899, c. 131, § 2, the judge had no right to make the report. But there is nothing in these statutes that takes away the authority given by the Pub. Sts. c. 153, § 6, and the St. 1900, c. 311. The case is rightly before us on the report.

The question on which the decision turns is whether the sale for non-payment of taxes gave the respondent a good title. The parties filed an agreement that the case might be tried on five issues which were stated, and on these alone. The judge found for the respondent, and reported to this court the question whether, under the evidence and the law, he was authorized to make the finding.

1. The evidence was ample to warrant the finding that the property was not exempt from taxation. It is not necessary to consider it particularly.

2. There was evidence from which the judge might well find that at the time of the taxation, the petitioner owned the whole of the property and not merely a part of it. The application of her father's widow for an assignment of dower had no effect

upon the title. The return of the commissioners was never confirmed, and no judgment was rendered thereon, and no decree for an assignment of dower was ever signed. The proceedings for partition under which it is claimed that the petitioner is the owner of only an undivided half, were not recorded in the registry of deeds until more than two years after the tax sale, and twenty-eight years after these proceedings had ended. There was evidence in the conduct and the testimony of the petitioner, and in the conduct of her brother Benjamin Lancy who was the party to whom the other part was assigned in the partition, that this brother had given her his share of the property more than twenty years before the taxes were assessed, and that she had held under this gift, and had acquired a good title to the whole by adverse possession, if not by an old unrecorded deed of which there was some evidence.

3. The third issue is as follows: " Was the sale invalid because the property was sold for the taxes of two years at one sale, upon one bid and for one integral price, if such was the fact?" We are not certain whether this issue was intended to present a question in reference only to a contract of sale made at the auction and consummated by the deed, or whether it includes as a part of the sale preliminary proceedings in posting notices and advertising in a newspaper. The question does not in terms refer to anything earlier than the auction itself. The use of the word "sale" and the mention of the bid and the price, with the fact that the parties in their arguments have dealt only with the transaction at the auction, lead us to construe the language as relating only to this transaction.

Giving the issue this interpretation, we are of opinion that a sale of this kind is not invalid because the collector, after proper preliminary proceedings, having taxes for two years to collect by sales of the same property advertised for the same time and place, offers the property at a single sale under the authority of the two warrants for the non-payment of the two taxes. Such a sale was held valid in *Pixley* v. *Pixley*, 164 Mass. 335. This may be a convenient method of collection which imperils nobody's rights. Of course, to sustain the validity of such a sale, the lien for each tax would need to be well founded and legally established at the time of the sale. The

case of *Keen* v. *Sheehan*, 154 Mass. 208, shows also that separate sales may be made, one after the other, at the same time and place, for the non-payment of taxes for two successive years. In a case of that kind the purchaser at the first sale, in order to protect his rights, would be obliged to redeem the property from the lien for the later tax or to become the purchaser at the second sale. We are of opinion, therefore, that this issue was rightly answered in the negative. But if the issue were construed to relate to the preliminary proceedings of posting notices and publishing in a newspaper, and if the recitals in the deed were held to mean that the statement of the taxes was made in the notice and in the advertisement in the same form in which it appears in the deed, the question should be answered in the affirmative. It was held in *Alexander* v. *Pitts*, 7 Cush. 503, that a misstatement of a tax in an advertisement avoids the deed. In *Knowlton* v. *Moore*, 136 Mass. 32, it was decided that a misstatement of the year in the advertisement is a fatal defect. Parties interested are entitled to know from the advertisement the exact amount of the tax and the year for which it was assessed. Under these authorities, we are of opinion that a statement of a tax as "$17.46 for the year 1895 and 1896" in the advertisement of sale, does not meet the requirement of statements of two taxes, one for $8.46 for the year 1895 and one for $9 for the year 1896.

4. The judge found that there was a proper demand made upon the petitioner for the payment of the tax, and we are of opinion that the evidence warranted this finding. There was not only an affidavit of the collector stating a demand in proper form, but there was testimony that four notices properly filled out, copies of which are annexed to the report, were served on the petitioner. It is also agreed that if these notices contain a proper demand, the time and form of service are not questioned. We are of opinion that they contain a sufficient demand. The first one was accompanied by the tax bill. This showed that the whole tax was on real estate. The last notice for each year stated specifically the amount of the tax, which identified it as the tax for which the bill had been rendered and preceding demands had been made. Neither of the demands followed form number eight in the St. 1888, c. 390, but § 96 of this

chapter permits the use of other suitable forms, and we are of opinion that the statute does not require in the demand a description of the real estate or an express reference to it.

5.  There was evidence to warrant a finding that the petitioner was as well known by the name Maria Lancy as Maria S. Lancy, and upon such a finding the proceedings were not invalid because they were in the name of Maria Lancy.

The findings and decree of the Superior Court are to stand unless it is shown to that court that justice requires a new trial in reference to the proceedings referred to in our discussion of the third issue.

*So ordered.*