## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

J. WHEELOCK SPRING & another, administrators, *vs.* CITY OF CAMBRIDGE.

Middlesex. March 10, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Tax*, Sale. *Statute*. *Contract*, To reimburse purchaser at invalid tax sale. *Estoppel*. *Evidence*, Relevancy and materiality. *Words*, "Purchaser."

The collector of taxes of a city, at an auction sale of real estate for non-payment of taxes for a certain year conducted in accordance with the formalities prescribed in R. L. c. 13, struck off certain real estate to one B., and, at a sale held subsequently on the same day for non-payment of the taxes for the next year, struck off the same real estate to one H. At the suggestion of the collector, H. and B. agreed that H. should be written into the deed as the highest bidder and the purchaser at the first sale, and the collector so made the deed and H. paid the amount for which B. had bid in the real estate and received a deed. No deed was given to B. H. died and his administrator, after having made the offer in writing required by R. L. c. 13, § 44, to surrender and discharge the deed or to assign and transfer to the city all the right, title and interest which formerly were H.'s in the premises, as the collector might elect, brought an action of contract under the above named section of the statute to recover from the city the amount paid to the collector by H., alleging that H. was the purchaser at the sale and, by reason of an error, omission or informality therein, had had no claim upon the property sold. *Held*, that H. was a "purchaser" within the meaning of § 44, that he acquired no title as against the owner of the real estate and had no claim upon the property sold, that the plaintiff did not have to prove an ouster in order to

maintain the action, and was not estopped by H.'s agreement with B., made at the suggestion of the collector, to prove the facts upon which he relied.

In an action against a city by a purchaser at a tax sale to recover under R. L. c. 13, § 44, the amount paid by the plaintiff for a tax title, it appeared that, by reason of an error, omission or informality in the sale, the plaintiff had no claim upon the land, that, in accordance with the statute, the plaintiff had offered in writing to surrender and discharge his deed and to assign and transfer to the city all his right, title and interest in the premises, as the collector of taxes might elect, but that his offer had been refused. The defendant offered in evidence, and the judge excluded, a quitclaim deed dated after the making and the refusal of the offer to the collector, but before the bringing of the action, which purported to convey to a third person all the right, title and interest of the plaintiff in the premises described in the collector's deed to him. *Held,* that the evidence should have been admitted, since the statute contemplates that one seeking its aid to recover money paid for such an invalid deed shall be in a position to "surrender and discharge" the deed or to assign and transfer to the city such right, title and interest in the premises as he procured from the tax sale transaction, if the collector shall so elect.

CONTRACT under R. L. c. 13, § 44, to recover money paid by the plaintiff's intestate to the defendant for land informally sold and conveyed to him. Writ in the Superior Court for the county of Middlesex dated March 30, 1907.

There was a trial before *Pierce*, J., without a jury, who made findings of fact and found generally for the plaintiff. His findings of fact and the questions of law raised by his rulings and the exceptions of the defendant thereto are stated in the opinion.

*G. A. A. Pevey*, for the defendant.

*J. W. Allen*, for the plaintiffs.

KNOWLTON, C. J. The plaintiffs are the legal representatives of Henry C. Hubbard, late of Winchester, deceased, and they bring this suit to recover money paid by him for a deed of real estate sold by the collector for non-payment of taxes. The action is brought under the R. L. c. 13, § 44, upon an averment that, by reason of errors, omissions and informalities in the sale, they have no claim upon the property sold.

It appears by the findings of the judge of the Superior Court that the property was sold by the collector of taxes for the tax of the year 1902, and was struck off to one Baker, who was represented by an agent, one Roberts, who made the bids for him, and afterwards, on the same day, was sold again for the tax of the year 1903 to the plaintiffs' intestate, Hubbard. The collector did not require of Baker, or of his agent Roberts, a deposit of any sum to insure payment of the purchase money.

Neither Baker nor any one in his behalf paid the price, or any part of it, within twenty days after the sale, and no deed of the property was ever made to Baker or to any one for him. Within a few days after the sale, it was agreed between Baker, acting through his agent Roberts, and Hubbard, that he, Baker, should give up his right to have a deed of the premises, and that a deed for his purchase should be made to Hubbard and he be named as the grantee and purchaser therein. This arrangement was made with the knowledge and at the suggestion of the collector, who thereupon inserted in the deed the name of Henry C. Hubbard as the highest bidder for the property and the grantee in the deed, and Hubbard paid the taxes and intervening charges for which the sale was made. The deed was delivered to him and by him duly recorded. The auction sale was on May 25, 1904, and the delivery of the deed was on June 7, 1904.

On May 23, 1906, the plaintiffs offered to surrender and discharge the deed, and assign and transfer to the city of Cambridge all the right, title and interest which Hubbard acquired by reason of the conveyance. It was admitted by the defendant that this offer and tender fulfilled the requirements of the R. L. c. 13, § 44. At this time the plaintiffs, as representatives of the estate of Hubbard, had, in that capacity, all the interest in the premises that was conveyed to Hubbard by this deed. The collector of taxes refused to accept the offer of the plaintiffs and the money never has been repaid.

The substitution by the tax collector of the name of Hubbard for that of Baker in the deed was entirely outside of his authority as an officer of the law. He had a mere naked power to sell real estate for non-payment of taxes and to convey a title to the purchaser. He could not lawfully do it in any other way than that which the law prescribes. The strictness of the rule which requires an exact compliance with the provisions of the statute has often been stated. *Harrington* v. *Worcester*, 6 Allen, 576. *Reed* v. *Crapo*, 127 Mass. 39. *Holt* v. *Weld*, 140 Mass. 578. *Keene* v. *Houghton*, 19 Maine, 368. *Sibley* v. *Smith*, 2 Mich. 486. *Chandler* v. *Spear*, 22 Vt. 388. *Brown* v. *Veazie*, 25 Maine, 359, 362. We think it plain that, as against the owner of the real estate, Hubbard acquired no title and had no claim upon the property sold. Under the R. L. c. 13, § 47, on the fail-

ure of Baker to pay for the property, the city became the purchaser, and the deed should have been made to it accordingly.

The question arises whether R. L. c. 13, § 44, applies to an error of this kind. Some of the defendant's requests for rulings in regard to the meaning of the term " purchaser " and the term "grantee" refer to this question. Under this section the "purchaser" is given rights, if he has no claim upon the property sold. We think the word used here means the person who is treated as the purchaser and acts as the purchaser at the consummation of the collector's sale. Such a sale is ordinarily made up of the contract entered into at the auction and the delivery of the deed of conveyance afterwards. Hubbard was the grantee in the deed and the person described in it as the purchaser. We are of opinion that he was within the meaning of the word "purchaser," as used in § 44. He was not the purchaser within the meaning of the word as used in § 43, although he was the grantee in the deed. , The purchaser and the grantee ought to be, and are presumed to be, the same person. The judge rightly dealt with the requests for rulings touching this subject.

The defendant says that the plaintiffs cannot maintain an action under this section in the absence of evidence of an ouster, or of disturbance by the holder of a paramount title. This contention is sufficiently answered by the plain language of the statute requiring the city to pay when the conditions stated exist, without any reference to an ouster or disturbance of possession.

There is no ground for the defendant's contention that the plaintiffs are estopped to prove the facts on which they rely. The statute was intended to allow such proof, and to give relief in cases of this kind.

The defendant offered in evidence a deed, by which it appeared that, after making the offer to the defendant, and long before the bringing of this action, the plaintiffs conveyed away, for a valuable consideration, all their right, title and interest in the premises described in the deed from the collector. This evidence was excluded, subject to the defendant's exception.

We are of opinion that it should have been admitted. By the terms of the statute it is only "upon such surrender (of the deed) and discharge or assignment and transfer" that such a

city or town is required to pay. The statute contemplates that the city shall have the benefit of the deed, for such use as can be made of it, before being required to pay.

It is said that, if the purchaser has no claim under it, it is of no consequence, and the city suffers nothing from its being outstanding in the hands of a third party. But the statute is framed upon a different theory. If nothing more, the outstanding deed is a cloud upon the title, and it might be important to the city, in reference to future proceedings, to have the cloud removed. It is possible, in reference to the enforcement of rights under § 47, in connection with the mistake made by the collector and others, that the possession and control of this deed might be serviceable to the city. While the statute contemplates that the deed is invalid, it also contemplates that the control of it shall be held by the city, and that the city shall not repay the money without obtaining it. One seeking the aid of this statute to recover money paid for such a deed should not convey to another his rights under the deed. Without determining at this stage of the case questions that may arise hereafter, we hold that this ruling was erroneous.

*Exceptions sustained.*