CHARLES J. CHARLAND *vs.* TRUSTEES OF THE HOME FOR AGED WOMEN IN THE CITY OF WORCESTER.

Worcester.    October 4, 1909. — February 21, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Tax*, Collection, Collector's deed. *Deed. Mortgage*, Of real estate. *Words*, "Duly."

While at common law a deed under a power is valid if it conveys the property and the power to execute it is proved *aliunde*, it is established law in Massachusetts that tax deeds, the forms of which have been regulated by statute for more than a century, are void if they do not contain the statements prescribed by the statute.

In determining whether a tax deed of real estate which contained allegations that the real estate had been " duly assessed " and that " said assessment was duly committed " to the collector for collection, satisfies the requirements of R. L. c. 13, § 43, as to the statement of the cause of sale, no reliance can be put on the use of the word " duly." The deed must state facts and not the collector's opinion as to facts.

A city collector's tax deed of real estate, which states as the cause of sale, " Whereas V. . . . in 1901, was duly assessed as owner of the real estate hereinafter described, an assessment thereon in the sum of $41 for State, county and city taxes, and whereas said assessment was duly committed to me for collection, and I served on said person . . . a summons, and after ten days therefrom a demand, for the payment of said assessment; and," after publication and posting as required by the statute, " said assessment, interest and charges remaining unpaid, . . . I sold at public auction . . . the whole of said real estate," is not invalid by reason of the fact that it does not in terms state that the assessors issued to the collector their warrant to collect the tax.

While the power of selling land for non-payment of taxes is *strictissimi juris* and for that reason the statutory requirements of a valid sale must be complied with in minute particulars, the terms in which a tax deed must be drawn are not *strictissimi juris*, and it is not necessary to state the facts which must be set out in a tax deed with the precision of a common law indictment, per LORING, J.

The requirement of R. L. c. 13, § 43, that a collector's tax deed of real estate shall state, among other things, " the cause of sale " is satisfied if the cause of sale is stated with reasonable certainty.

Where one has conveyed real estate by a mortgage deed containing a covenant that the property is free from all incumbrances, and at the time of the conveyance

the property had been sold for non-payment of· taxes and had been con-
veyed to one, to obtain a conveyance from whom the mortgagee paid money
as the consideration for a deed and for expenses in procuring it, if thereafter
the mortgagee sells the property at a foreclosure sale under a power contained
in the mortgage, he may retain from the proceeds of such sale the amount he
paid out in procuring a conveyance to him of the tax title.

CONTRACT for an alleged surplus remaining in the hands of the defendant as mortgagee after a sale of certain real estate in Worcester under a power of sale contained in a mortgage given by the plaintiff to the defendant. Writ dated December 17, 1908.

The case was heard by *Pierce*, J., upon an agreed statement of facts, from which it appeared that on May 1, 1901, the record title to the real estate in question stood in the name of one Maria L. S. de Vaudreuil, and that the taxes thereon for that year were assessed in her name; that on May 23, 1901, she conveyed the property to the plaintiff; that, after proceedings in due form, the property was sold on August 8, 1902, by the collector of taxes of Worcester for non-payment of the taxes for the year 1901, to one Arthur C. Perry, and the collector gave to Perry the following deed:

" Commonwealth of Massachusetts.

" To all persons to whom these presents may come, I, Fred W. White, Collector of Taxes for the City of Worcester, in the County of Worcester, and Commonwealth of Massachusetts, send greetings :

" Whereas Maria L. S. de Vaudreuil, of Oxford, in said County of Worcester, and Commonwealth of Massachusetts, in the year one thousand nine hundred and one, was duly assessed as owner of the real estate hereinafter described, an assessment thereon in the sum of forty-one ($41) dollars for state, county and city taxes, and

" Whereas, said assessment was duly committed to me for collection, and I served on said person in the manner required by law, a summons, and after ten days therefrom a demand, for the payment of said assessment; and after fourteen days from the service of the demand, I published on the eleventh, eighteenth and twenty-fifth days of July, A. D. 1902, said last mentioned day being one week, at least, before the day appointed for

the sale hereinafter specified, an advertisement in the Worcester Telegram, a newspaper published in said Worcester, and also on the sixteenth day of July, A. D. 1902, being three weeks at least, before the day appointed for said sale, I posted a copy of said advertisement in the city hall, a convenient and public place in said Worcester, said advertisement containing a description of the real estate assessed as aforesaid, sufficiently accurate for identification, and the name of the owner thereof, and a statement of said amount of said assessment, and that the smallest undivided part of said estate sufficient to discharge said amount, and the interest thereon, and the necessary intervening charges, or the whole of said parcels therefor, if no person should offer to take an undivided part, would be sold at public auction for the payment thereof, in the treasurer's office, in the city hall, in said Worcester, at ten o'clock in the forenoon, on the eighth day of August, A. D. 1902, and

" Whereas, said assessment, interest and charges remaining unpaid, at said time and place, and no person offering to take for the amount thereof an undivided part of the real estate so assessed, I sold at public auction for said amount, to the party hereinafter named as grantee, the whole of said real estate.

" Now, therefore, I hereby give, grant, bargain, sell and convey to Arthur C. Perry, of said Worcester, grantee, the whole of the real estate so assessed, the conveyance being made by virtue of the power vested in me by law, and in consideration of the sum of forty-six ($46) dollars and ninety-four ($.94) cents, the amount for which the sale was made, as aforesaid, to me paid by said grantee, the real estate so assessed being situated in said Worcester, and bounded and described as follows :

" No. 20,901.   About eighty-three hundred eight (8,308) square feet of land, with buildings thereon, situated on the southerly side of Burns Court, between land now or late of Alfred Gledhill heirs and land now or late of Peter Duffy heirs.

" To have and to hold said real estate to the said grantee, his heirs and assigns, to their use and behoof forever, subject to the right of redemption by any person legally entitled to redeem the same ; and

" I hereby covenant with said grantee, his heirs and assigns,

that the sale aforesaid has in all particulars been conducted according to the provisions of law.

" In witness whereof, I hereunto set my hand and seal this eighth day of August, A. D. 1902.

"Fred W. White,
" Collector of Taxes for the City of Worcester.

" Commonwealth of Massachusetts.

" Worcester, ss.

" On the twenty-seventh day of August, 1902, the said Fred W. White personally known to me to be the person and officer he above represents himself to be, signed said instrument and acknowledged the same to be his free act and deed.

" Before me,
" Charles H. Benchley,
" Justice of the Peace."

The deed was recorded on September 6, 1902.

Taxes for 1902 were paid by the plaintiff. Taxes for 1903, 1904, 1905, 1906 and 1907 were assessed to Perry and were paid by him.

On May 23, 1906, the plaintiff mortgaged the real estate to the defendant to secure a demand note for $1,600. The mortgage contained a covenant that the property was free from all incumbrances.

On June 23, 1908, the defendant procured from Perry a quitclaim deed of his interest in the premises, paying to him $310, and paying $75 for expenses in procuring the deed.

On October 20, 1908, the defendant sold the premises in foreclosure of the mortgage for $2,100. There then was due on the note as principal and interest $1,672.67. The expenses of the foreclosure were $49.60.

The defendant contended that it was entitled to charge against the $2,100 received by it from the foreclosure sale not only the amount due on the note and the expenses of foreclosure, $1,722.27, but also the $385 which it paid to clear its title from the tax deed.

The plaintiff contended that the tax deed was not good in form or in substance, and that the defendant was not justified in spending money for the deed from Perry.

The presiding judge found for the defendant and reported the case for determination by this court.

The case was argued at the bar in October, 1909, before *Knowlton*, C. J., *Hammond, Loring*, & *Sheldon*, JJ., and afterwards was submitted on briefs to all the justices except *Rugg*, J.

*E. J. McMahon*, for the plaintiff.

*H. F. Harris*, (*W. H. Whiting* with him,) for the defendant.

LORING, J.    The power to sell property for non-payment of taxes is *strictissimi juris*, and a failure to comply with the statutory requirements, even in minute particulars, is fatal.    See for example *Alexander* v. *Pitts*, 7 Cush. 503 ; *Knowlton* v. *Moore*, 136 Mass. 32; *Spring* v. *Cambridge*, 199 Mass. 1, 3.    The tax deeds in question in the cases of *Reed* v. *Crapo*, 127 Mass. 39, *Barnes* v. *Boardman*, 149 Mass. 106, and *Downey* v. *Lancy*, 178 Mass. 465, were cases where the tax title was attacked for defects of this kind.

There was no defect of this kind in the case at bar.    The sale was duly made and the statutory requirements were all complied with.    If the title here in question is void, it is void because although the sale was valid the deed is not in due form.

At common law a deed under a power is valid if it conveys the property and the power to execute it is proved *aliunde*.    See for example *Harrington* v. *Worcester*, 6 Allen, 576, 579.

But the form of a tax deed in Massachusetts is a matter which has been regulated by statute for more than a century.    (St. 1785, c. 70, § 7.    Rev. Sts. c. 8, § 31.    Gen. Sts. c. 12, § 35.    Pub. Sts. c. 12, § 38.    St. 1888, c. 390, § 43.    R. L. c. 13, § 43.)    It has been established law for a long time that a tax deed is void which does not contain the statements prescribed by the statute.

One of the facts which must be set forth in a tax deed is (and always has been, see St. 1785, c. 70, § 7) a statement of "the cause of sale."    R. L. c. 13, § 43.    It was held in *Harrington* v. *Worcester*, 6 Allen, 576, that by this is meant a statement of such facts as show that there was a legal cause of sale.    The plaintiff's contention is that the tax title here in question is bad because (1) the deed does not state that the assessment for State, county and city taxes assessed upon Maria L. S. de Vaudreuil as owner of the land conveyed by the deed was assessed by the assessors of the city of Worcester, and because (2) it is not there stated

that this was included in the tax list committed by the assessors with their warrant to the collector in accordance with R. L. c. 12, § 67.

The deed is in the form authorized by St. 1901, c. 519. It is identical with that form with one exception, to wit: It begins with a statement that the grantor was collector of taxes for the city of Worcester. But the form authorized by St. 1901, c. 519, ends with a statement to that effect. The repetition of that statement at the beginning of the deed is of no consequence. St. 1901, c. 519, was repealed in terms by R. L. c. 227. The question of the validity of 'the deed here in question therefore depends upon its being a "suitable" one within the provision of R. L. c. 13, § 87, that "other suitable forms may also be used."

In determining whether this deed sets forth a legal cause of sale with sufficient accuracy, no reliance can be put on the use of the word "duly." The deed must state facts and not the collector's opinion as to facts, or (as it is usually put) a tax deed must state facts and not conclusions of law. *Bender* v. *Dungan*, 99 Mo. 126. *Moore* v. *Harris*, 91 Mo. 616. *Spurlock* v. *Allen*, 49 Mo. 178. *Duncan* v. *Gillette*, 37 Kans. 156. *Henderson* v. *White*, 69 Texas, 103. *Maddocks* v. *Stevens*, 89 Maine, 336, 337. Cooley on Taxation, (3d ed.) 998, 999. Blackwell on Tax Titles, (5th ed.) § 778. The tax deed in question in *O'Grady* v. *Barnhisel*, 23 Cal. 287, followed the words of the statute.

Again, in determining what is a suitable form (apart from a form allowed by statute) it is proper to consider what forms have been used in practice. The form most commonly used in Massachusetts is that set forth in the report in *Adams* v. *Mills*, 126 Mass. 278, to wit: "Whereas, the assessors of taxes of ——, in the list of assessments for taxes which they committed to me to collect for the year ——, duly assessed —— as owner of the real estate in said city, which is hereinafter described, the sum " etc. It appears from the report of *Pixley* v. *Pixley*, 164 Mass. 335, and from the original papers in *Lunenburg* v. *Heywood Chair Co.* 118 Mass. 540, *Reed* v. *Crapo*, 127 Mass. 39, *Knowlton* v. *Moore*, 136 Mass. 32, and *Langdon* v. *Stewart*, 142 Mass. 576, that the deeds in those cases were in the same form. The deed in *Harrington* v. *Worcester*, 6 Allen, 576, and the form authorized by St. 1888,

c. 390, § 96, form 14, and by R. L. c. 13, § 87, form 14, are not materially different.

The singular thing about these deeds and all the forms of tax deeds set forth in the statutes is that although the issuance by the assessors of their warrant to the collector is the foundation of a legal right to collect the taxes committed to him and so is the foundation of a legal cause of sale, no form and no deed that has come to our attention states in terms that the assessors issued their warrant to the collector. (For the form of such a warrant see St. 1785, c. 50, § 6.) Under these circumstances it could not be held that the statement of a legal cause of sale in the deed here in question is insufficient because it is not stated in terms that the assessors issued their warrant to collect this tax.

While the power of selling land for non-payment of taxes is *strictissimi juris* and for that reason the statutory requirements of a valid sale must be complied with in minute particulars, the terms in which a tax deed must be drawn are not *strictissimi juris*, and it is not necessary to state the facts which must be set out in a tax deed with the precision of a common law indictment. No right of the owner is affected or secured by the statement in the tax deed of " the cause of sale " in the sense in which that is true of the requirement that " the residence of the grantee " from whom the owner has a right to redeem must be stated in the tax deed. In the statement of " the cause of sale " a reasonable certainty in our opinion is sufficient. And having in mind what must be taken to be a sufficient statement of the issuance by the assessors of their warrant to the collector, we are of opinion that the statement in this deed, omitting the word " duly," is a sufficient statement that the tax here in question was assessed by the assessors, and that they issued their warrant to the collector to collect the same. It is to be noted as to the latter fact that now a warrant may be issued by the assessors to collect taxes at any one of three different times, namely, within a reasonable time after the original assessments are completed; R. L. c. 12, § 67; after assessments which were omitted in the original list have been made; R. L. c. 12, § 85; and after re-assessments; R. L. c. 12, § 86. If a warrant were issued under R. L. c. 12, §§ 85 or 86, the statement in the form authorized by St. 1888, c. 390,

§ 96, form 14, and by R. L. c. 13, § 87, form 14, is not strictly accurate.

The plaintiff's mortgage contained a covenant that the premises were free of incumbrances. The tax deed here in question was a valid one and was in existence at the date of that deed. The defendant has a right to retain the sum paid for extinguishing it. See also R. L. c. 134, § 19.

*Judgment for the defendant.*