### J. WHEELOCK SPRING & another, administrators, *vs.* CITY OF CAMBRIDGE.

Middlesex.    January 12, 1912. — June 18, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Tax,* Sale. *Contract.*

Under R. L. c. 13, § 44, providing that if by reason of an error in a tax sale "the purchaser has no claim upon the property sold, he may within two years after the date of the deed, offer by writing given to the collector, to surrender and discharge his deed or to assign and transfer to the city or town all his right, title and interest in the premises, as the collector shall elect," and that "upon such surrender and discharge or assignment and transfer, the city or town shall pay to the purchaser the amount which he paid with interest at the rate of ten per cent per annum," it is the duty of the collector upon receiving such an offer to elect within a reasonable time whether he will take a surrender and discharge of the deed or an assignment and transfer of the title, and, if he makes no reply to the offer, his failure to elect within a reasonable time operates as a refusal to accept a surrender of the tax deed or an assignment of the purchaser's title, and the purchaser has the same rights against the city or town that he would have had if there had been an actual surrender or transfer. *It seems* that after such a refusal the right of the purchaser to recover from the city or town would not be affected by his releasing his interest to the owner of the land. In the present action it was found that the plaintiff was in a position at the time of the trial to make a surrender or transfer at the election of the collector and offered to do so.

MORTON, J. The plaintiffs' intestate was the purchaser at a tax sale of certain property sold by the collector of taxes of the defendant city for non-payment of taxes. It subsequently appeared that by reason of error in the sale the intestate had no claim upon the property sold. This is an action to recover under R. L. c. 13, § 44, the amount with interest paid by the plaintiffs' intestate for said property. The case was tried by the court without a jury, and the presiding judge* found for the plaintiffs. The case is here on exceptions by the defendant in regard to rulings that were made and refused by the presiding judge. The same case was before the court in 199 Mass. 1, where the defendant's exceptions were sustained.

---

* *Schofield,* J. After his resignation the exceptions were allowed by *Pierce,* J.

The statute provides that the purchaser "may within two years after the date of the deed, offer by writing given to the collector, to surrender and discharge his deed or to assign and transfer to the city or town all his right, title and interest in the premises, as the collector shall elect. . . . Upon such surrender and discharge or assignment and transfer, the city or town shall pay to the purchaser the amount which he paid with interest at the rate of ten per cent per annum." R. L. c. 13, § 44. It appeared and the presiding judge found as a fact that on May 23, 1906, which was within two years from the date of the deed, the plaintiffs, with the widow and the heir at law of the intestate, offered ·in writing, by a communication addressed to and received by the collector, to surrender and discharge the deed received by the intestate or to assign and transfer to the city as he should elect, all their right, title and interest in the premises. The collector made no reply to the communication thus addressed to and received by him, and on the eleventh day of June the widow caused a letter to be written to him calling his attention to the communication of May 23, and requesting a reply. To this letter no answer was received, and down to the trial which took place on February 9, 1909, the collector made no election and refused at the trial to make an election. On or about July 20, 1906, the plaintiffs assigned to one Eldora M. Aldrich, to whom the premises had been conveyed, any and all sums which they might receive from the defendant city, and on August 6, 1906, concurrently with a deed dated August 4, from Eldora M. Aldrich to William M. Cleveland and Lewis W. Dewey, the plaintiffs and the widow and heir at law delivered to Robert S. Gorham, to be held for the benefit of the grantees in the deed from Eldora M. Aldrich a deed or release dated July 20, 1906, of their interest in the premises. This deed was without any covenants of warranty or seisin or other covenants. At the trial the plaintiffs offered to surrender and discharge the tax deed or to assign and transfer to the defendant city all the purchaser's interest in the premises, thereby, as they claimed, keeping good the offer made May 23, 1906. The presiding judge found as a fact that the plaintiffs were in a position to make good this offer at the election of the tax collector of the defendant city. The judge found and ruled that the time which elapsed from May 23 to June 11 was a reasonable time within which the collector could

have decided whether to take a surrender and discharge of the deed or an assignment of the purchaser's right, title and interest, and that the time between the letter of June 11 and the conveyance to Gorham on August 6 was also a reasonable time within which the collector could have made his election, and that the defendant had suffered no loss or detriment by reason of the conveyance of the tax title to Gorham. The presiding judge refused to rule as requested by the defendant that the plaintiffs were not entitled to recover, that the offer and tender could not avail them if they were not at the institution of the suit owners of the tax title, and that because of the conveyance which they had made they could not recover; and found as already stated, for the plaintiffs.

We think that the refusal to rule as requested and the finding in favor of the plaintiffs were right. The collector was bound to elect within a reasonable time whether he would take a surrender and discharge of the deed, or an assignment and transfer of the title. The statute intends that he should do so. Otherwise it would be within the power of the collector, by refusing to make an election and to accept a surrender or assignment, to defeat the object of the statute altogether. A failure on the part of the collector to elect within a reasonable time must be regarded as having the same effect so far as the purchaser is concerned as a refusal to accept a surrender of the tax deed or an assignment of the purchaser's right, title and interest in the premises. In such a case the purchaser having offered to surrender or assign, and the collector having refused to accept a surrender or assignment, the purchaser must be held to be in the same position that he would have been in had there been an actual surrender or transfer. The statute contemplates that the purchaser's offer to surrender or assign will be accepted by the collector, but the collector cannot be compelled to take a surrender or transfer, and it would seem to follow that if he refuses to accept a surrender or transfer the right of the purchaser to recover the amount which he has paid for a void conveyance should not be affected thereby. Neither should it be affected by the fact that after a refusal by the collector to accept a surrender or transfer the purchaser has released his interest to the owners of the premises. The tax deed though void constitutes or could be found to constitute a cloud upon the title, and the purchaser should not be required, after having made an

offer which has been refused, to subject himself to the possibility of proceedings on the part of the owners to compel its removal. Moreover, it having appeared that the plaintiffs were in a position to surrender or assign when their offer was made, it would seem that if as a condition of recovery they were required to discharge or assign, it was sufficient, in the absence of anything to show an election in the meantime by the collector, if they were in a position at the time of the trial, as the judge found that they were, to make a surrender or transfer at the election of the collector and offered to do so. See *Dresel* v. *Jordan,* 104 Mass. 407; *Harriman* v. *Tyndale,* 184 Mass. 534. We see nothing to prevent the plaintiffs from maintaining their action, and we discover no error in the rulings or refusals to rule.

There is nothing in this opinion which is inconsistent with the former opinion. Questions which might arise at a later stage were expressly left open, and the questions now raised were not then before the court and were not passed upon.

*Exceptions overruled.*

*F. M. Phelan,* (*J. F. Aylward* with him,) for the defendant.
*J. W. Allen,* for the plaintiffs.