FELIX CIENIEWICZ and ANNA CIENIEWICZ, his wife,

*vs.*

ALEKSANDER SLIWKA and MARYANNA SLIWKA, his wife, and STANISLAW BOC and STANISLAWA BOC, his wife.

*New Castle, April 6, 1925.*

In suit for specific performance of contract to sell realty in which it is alleged that subsequent conveyances were in fraud of complainants' rights, intermediate grantees against whom no relief was sought were not necessary parties.

In bill for specific performance of contract to sell land, allegation of tender in cash of full purchase price named in contract less amount already paid and amount of mortgage lien from which title was to be cleared was sufficient.

In suit for specific performance of contract to sell land, which did not name city in which land was located but gave street number in indefinite manner, where bill alleged land to be in certain city, described it by metes and bounds and street number, parol evidence was admissible to identify land.

Although written contract cannot be altered, changed, or added to by extrinsic evidence, such evidence may be resorted to to identify subject-matter to which contract refers.

BILL FOR SPECIFIC PERFORMACE. The bill is filed by the vendees in a contract for the sale of land against the defendants, Sliwka and wife, who are the vendors named in the contract, and against the defendants, Boc and wife, the present holders of the title. After entering into the contract of sale, Sliwka and wife conveyed the premises to one Kopanski and wife, who in turn conveyed to Boc and wife. The contract is as follows:

"November 24, 1924. Alex Sliwka and Mary Sliwka sold property to Felix Cieniewicz and Anna Cieniewicz sold for 6,600 property.
501
Sought (South) Van Buren on Maple       Street with the property belongs counters and shealfs and all electric fixtures tittle must be clear settlement

must be made in 30 days deposit $100.00 if a loan cant be made within that time the deposit will be returned

       Aleksander Sliwka
       Mary Sliwka
       Felix Cieniewicz"
    "Jacob Mroczka"

(Solicitors for the respective parties agree that the word "Sought" in the contract was intended for and means "South.")

The defendants have demurred to the bill. The grounds of demurrer and facts material thereto are stated in the opinion of the Chancellor.

*Horace G. Eastburn*, for the complainants.

*Robert Adair*, for the defendants.

THE CHANCELLOR. The first question raised by the demurrer is that the bill is defective in that Kopanski and wife, through whom the title passed on its way from Sliwka and wife to Boc and wife, are not made parties. While the bill charges that the conveyances made by Sliwka, et ux., to Kopanski, et ux., and by the latter to Boc, et ux., were all made in fraud of the rights of the complainants under the contract; yet no relief against the alleged fraud is sought beyond a mere obtaining of the title by means of a decree for specific performance of the contract. No relief is sought against Kopanski and wife. They are not the present holders of the title and their presence is therefore not necessary to an effectual performance of the sort of decree which is sought. In such a case as this an intermediate vendee is not a necessary party. *Harriman v. Tyndale*, 184 *Mass.* 534, 69 *N. E.* 353, which is cited by the solicitor for the defendants, does not support his contention.

Secondly, it is urged that the bill is defective in that it fails to show a tender of the purchase price. A reading of the bill, however, shows that a sufficient tender was made. It alleges that the complainants tendered in cash the full purchase price named in the contract, less the $100 already paid and less the amount of a mortgage lien from which the title was to be cleared. This tender was sufficient.

It is lastly contended that the contract does not sufficiently identify the property so as to enable the court to frame a decree.

That an ignorant as well as careless person drew the contract is apparent from a casual inspection of it. While it bears a date, yet it contains no reference to a place: The body of the contract refers to streets, but does not name the city or town in which the streets are located. At the argument, the solicitor for the defendant, in addition to pointing out these omissions, further emphasized the lack of indentification by urging that while the figure "501" which is interlined in the contract means a street number, yet it is impossible to say whether it means 501 South Van Buren street or 501 Maple street. And so it is contended the contract cannot be enforced because it lacks means within itself of identifying the property intended to be covered by it.

This contention cannot be sustained. No contract which the parties thereto have voluntarily chosen to reduce to writing, much less a contract such as this which the policy of the law requires, either in its entirety or in memorandum form, to be reduced to writing, can be altered, changed or added to by extrinsic evidence. This is the general rule upon which the defendant relies as controlling in this case. There are, however, exceptions to this rule which are as well settled as the rule itself, and one of these is that where evidence *aliunde* the instrument is necessary to identify the subject-matter to which it refers, such evidence may be resorted to notwithstanding the inhibition of the general rule. Chancellor Bates in *Crockett v. Green*, 3 *Del. Ch.* 476, uses the following language:

"In these and other like cases, the description, though general, and not sufficient, as on its face, to locate the premises exactly, was held sufficient for specific performance, if it might be reduced to reasonable certainty by extrinsic evidence of facts, touching the situation, use, occupation, or known designation of the property. Such evidence is held to construe or apply the terms of description used and not to supplement further terms. Where the terms used are too vague or insensible to be rendered certain by extrinsic facts, touching the property, so that something further must be incorporated to enable us to locate the premises, then the rule before stated applies that such additional matter cannot be introduced except by means of a reference to it in the memorandum itself."

The case in which the foregoing language appears contains within itself an illustration both of the sort of situation in which extrinsic evidence is on the one hand admitted in explanation of

the description and on the other hand is rejected. It was said to be proper to identify the subject-matter of the contract as being land owned by the defendant on Broad Street south of Green Street in the town of Middletown, where both the parties resided, notwithstanding the town of Middletown was not mentioned in the contract and no reference was made in the contract to the particular side of Broad Street on which the land referred to was located. The bill was, however, dismissed because of the fact that while parol evidence could be admitted to the foregoing extent, yet it could not be admitted to the extent of allowing the defendant to show that the land intended to be embraced within the contract was a certain portion to be carved anew out of a larger tract. Had the reference in the contract been to a property held by some previously established and known boundaries, then parol evidence locating it would have been admitted. It was so indicated in the opinion filed by Chancellor Bates in *Crockett v. Green, supra,* and later cases in this court are to the same effect. In *McFarland v. Reeve,* 5 *Del. Ch.* 118, the only language of description was the "house and lot where he [the vendor] now lives, adjoining N. Luff and others and on R. R. avenue," with no reference to town or even state. So likewise in *Matthes v. Wier,* 10 *Del. Ch.* 63, 84 *Atl.* 878, the description of the property was simply "811 King Street," and the Chancellor said that this meagre language was sufficient identification of the premises. Inasmuch, however, as in this case the court found such a part performance of the contract as to take it out of the statute, this statement of the Chancellor is not of great significance in the instant case where the requirement of a writing which the statute exacts is not removed by a part performance. In the later case of *Coppage v. Equitable G. & T. Co., et al.,* 11 *Del. Ch.* 373, 102 *Atl.* 788, Chancellor Curtis held it proper to admit extrinsic evidence to identify the "lot of the Bellah estate on Delaware Avenue above Riverview Avenue." In this case, the dating of the receipt at Wilmington, Del., if it may be said to locate the property in that city, which is doubtful, does not however indicate where on Delaware Avenue above Riverview Avenue the premises were to be located. The principle is the same in all cases, whether it be the town or city which is omitted, or the street, or the side or block number of the street,

or what not— so long as the property is so referred to as to be capable of identification by extrinsic evidence, the court will proceed with the case to a decree.

In the instant case while the contract makes no reference to the city in which the premises are located the bill alleges it to be the City of Wilmington the place of residence of all the parties to the contract. The bill describes the land by metes and bounds and alleges it to be known as No. 501 South Van Buren Street located at the intersection of the southerly side of Maple Street with the westerly side of Van Buren street. The contract describes a property located at the corner of a Van Buren Street and Maple Street, being numbered 501. The solicitor for the defendants does not deny that 501 is meant to designate a street number. Now here is enough of description to enable the complainants to identify, if they can, the property which the defendants now hold as successors in title of the vendors, as the property referred to in the contract. If it should turn out that the vendors had title to more than one property at the corner of the streets in question bearing the number 501, then under the principle of *Green v. Crockett, supra,* the bill would have to fail. But that is for the evidence to disclose if true. The bill does not disclose it. It identifies a particular property in Wilmington as being the one referred to in the contract. Under the settled rule in this State the complainants are entitled to produce their evidence to support the identification alleged by the bill.

Accordingly the demurrer will be overruled. Let an order be prepared in accordance herewith.